## Case No. 7,956.

### In re KYLER.

[2 Ben. 414;[1] 2 N. B. R. 649.]

District Court, S. D. New York. May, 1868.

BANKRUPTCY—EXAMINATION OF NON-RESIDENT CREDITOR—WITNESS' FEES.

1. Where a creditor, who resided in Boston, had proved his debt in the proceedings, and an order was made that he appear before the register and be examined touching his debt. and a motion was made to attach him for not appearing in obedience to the order: *Held*, that the creditor, having proved his debt. was subject to the jurisdiction of the court, without regard to his place of residence.

[Cited in Re Sabin. Case No. 12,195; Re Pease. 29 Fed. 595.]

· 2. In case of his disobedience, the court could strike out his claim.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

3. He was not entitled to witness' fees for attendance under the order in question.

4. If he could not personally attend, to be examined in this district. without hardship, the court would provide for his being examined before a register in the district of his residence.

[In the matter of Morris Kyler, a bankrupt.]

In this case, on petition of the assignee, stating that James Houghton, Jr., had made proof of debt herein, according to form 22 of the general orders in bankruptcy, and that the assignee had reason to believe that the debt so proved was founded in illegality, and was not entitled to be proved, or to participate in any dividend herein, the court made an order, pursuant to section 22 of the bankruptcy act [of 1867 (14 Stat. 527)], referring the matter to the register in charge, and requiring the creditor to appear before the register and be examined touching his alleged debt. Service of the order was made, but said Houghton did not appear before the register. Thereupon, counsel for the assignee moved the court for an order rejecting and disallowing the debt, and also requiring the alleged creditor to show cause why he should not be punished for contempt. in not appearing and submitting to examination, as required by the order of the court.

It was objected, by counsel for the creditor, that he was not bound to attend before the register, first, because he resided in Boston, and out of the district, and was, therefore, not subject to the jurisdiction of the court; and, second, because he could not be compelled to attend until his fees as a witness were first paid, which, it was alleged, had not been done.

Cotterill Bros., for assignee.
A. L. Sanger, for creditor.

BLATCHFORD, District Judge. I hold, first, that this creditor, having proved his debt in the proceedings, became subject to the jurisdiction of the court, without regard to his place of residence. and was bound to obey all the orders of the court touching his alleged debt; second, that the court can, in case of his disobedience of its orders, deprive him of all the benefits of the bankruptcy act. given to creditors, and can reject and expunge his claims; third. that he is not entitled to witness' fees for attendance, in analogy to the fact that a bankrupt, ordered to be examined under section 26, is not entitled to fees, as a witness—the language of section 22, in regard to the examination of the bankrupt and of a creditor, and the language of section 26. in regard to the examination of the bankrupt, being substantially identical; and, fourth, that, in case it shall be made to appear that any creditor, whose debt is contested, can not personally attend to be examined in the district where the proceedings are pending, without hardship to him. owing to the distance of his residence, or other similar reason, the court will provide, by order,

for the taking of his examination before a register of the district in which he resides.

[The circuit court subsequently dismissed an appeal, because not taken in time, by certain creditors whose claims had been disallowed by the district court. Case No. 7,957.]