### In re DOCKER–FOSTER CO.

(District Court, E. D. Pennsylvania. June 8, 1903.)

#### No. 1,509.

1. BANKRUPTCY—PETITION TO EXPUNGE CLAIM—PRACTICE.
   Under the provisions of general orders in bankruptcy No. 37 (91 Fed. xxxvi, 32 C. C. A. xxxvi), which extend the equity rules to proceedings in equity instituted for the purpose of carrying into effect the provisions of the act, the failure to file an answer to a petition seeking to expunge a claim justifies a decree pro confesso under rule 18, carrying the ordinary incidents and consequences of such a decree.

2. SAME—EFFECT OF AMENDING ACT.
   The amendatory act of February 5, 1903, c. 487, 32 Stat. 801, by its express terms does not apply to nor affect any proceeding instituted before it took effect, and in such proceedings all of the provisions of the original act are to be enforced the same as though not amended.

3. SAME—EVIDENCE OF INSOLVENCY.
   The books of a bankrupt are competent evidence on the question of his insolvency within four months of the date of the filing of the petition, and while not conclusive are ordinarily important evidence entitled to much weight; the schedules and inventory and appraisement are also evidence on the same question.

In Bankruptcy. On certificate of referee.

C. Wilfred Conard, for petitioning creditors.

George W. Carr and Benjamin Alexander, for sundry creditors.

J. B. McPHERSON, District Judge. On the several questions argued by counsel, my opinion is briefly as follows:

1. Under the provisions of general order No. 37 (91 Fed. xxxvi, 32 C. C. A. xxxvi), which extend the equity rules of the Supreme Court to "proceedings in equity instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it," failure to file an answer to a petition seeking to expunge a claim justifies a decree pro confesso, under rule 18, carry-

ing the ordinary incidents and consequences of such a decree. The petition is not before me, and I am therefore unable to say whether its averments on the subject of insolvency are sufficiently precise and definite to be taken as true, or whether they require proof to be offered by the petitioner. This matter can be determined by the referee, and his ruling reviewed, if necessary.

2. I am unable to agree with the learned referee in the conclusion that, by reason of the amendments of February 5, 1903, section 57g can no longer be enforced, even in proceedings such as this, that were undetermined when the amending act was passed. He regards this clause as penal, and holds that it cannot now be enforced, because after a penal statute has been repealed it cannot be enforced even in a proceeding that has reached the point of judgment. But the difficulty about this position is that section 57g has not been repealed as to pending proceedings, for section 19 of the act of 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 801) expressly declares "that the provisions of this amendatory act shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July 1, 1898." The meaning of this language seems to me to be so plain that discussion is difficult. It was evidently intended to furnish a rule that would avoid many embarrassing and difficult questions, and I think it means just what it seems to say, namely, that the act of 1903 applies to all cases begun after the act was passed, but does not apply to any case that was then pending. Some apparent anomalies will of course result for a short time, but they often accompany a change of legislative policy, and furnish no reason for declining to carry a plain statutory command into effect. I have no doubt, therefore, that section 57g of the act of 1898, 30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443], governs the present case, as if the amendatory act had not been passed.

3. The books of a bankrupt are evidence on the question of insolvency within four months of the date of filing the petition. They are not conclusive upon this subject, for they may be incomplete, incorrect, or fraudulent, but ordinarily they are important evidence and entitled to much weight. The schedules and the inventory and appraisement are also evidence upon the same question.

4. Under the order of this court entered May 3, 1899, I think the petitioner should enter security for costs before proceeding further with the examination. The security should be conditioned for payment in case he shall be ultimately adjudged liable, thus leaving the question of liability open for future consideration.