In re GEORGE WATKINSON & CO.

(District Court, E. D. Pennsylvania. May 21, 1904.)

No. 1,184.

1. BANKRUPTCY—RECONSIDERATION OF CLAIM—EXPENSES OF CLAIMANT AS WITNESS.

Where an order is made on petition of a trustee for the re-examination of a claim previously allowed to a creditor who resides at a distance, and he is required to appear before the referee for examination, he may properly be allowed his expenses if his claim is finally allowed, but there is no ground for allowing him counsel fees.

2. SAME—EXAMINATION OF CLAIMANT.

A referee has power, in an order for the examination of a nonresident creditor on a reconsideration of his claim, to permit him, in the alternative, to appear before a referee in the district in which he resides.

3. SAME—GROUNDS FOR RECONSIDERATION.

The petition of a trustee, asking an order for the reconsideration of a claim which has been allowed, need not allege facts which, if proved, would defeat the claim, but is sufficient if it shows facts constituting sufficient cause for the re-examination.

In Bankruptcy. On certificate from referee.

Arthur G. Dickson, for trustee.

Edwin O. Michener, for creditor.

J. B. McPHERSON, District Judge. The referee in this case (Theodore M. Etting, Esq.) has certified as follows:

"And now, to wit, this 20th day of April, 1904, upon consideration of the above and foregoing petition, and the answer of Frank M. Fargo thereto, upon motion of Arthur Dickson, Esq., for petitioner, it is ordered that the petition of the Provident Life & Trust Company, trustee of the estate of George Watkinson and Irving Watkinson, individually and trading as George Watkinson & Co., bankrupts, filed on the 19th day of January, 1904, may be withdrawn, and that the claim of Frank M. Fargo as an individual creditor of the said George Watkinson be re-examined.

"It is further ordered that the said Frank M. Fargo appear before me at my office, No. 701 Arcade building, City Hall Square, Philadelphia, on the 13th day of May, 1904, at 10 o'clock a. m., for examination in relation to said claim, or that he appear for examination with respect to said claim before a referee of the district in which he resides, upon due notice, if he cannot, without hardship to himself, owing to the distance of his residence, appear before me at the time and place above mentioned.

"It is further ordered that the said George Watkinson appear before me at the time and place above mentioned for examination with respect to the claim of the said Frank M. Fargo, and that ten days' notice of the above and foregoing order be given, by mail, to the said Frank M. Fargo and George Watkinson, or to their respective counsel.

"On the 26th day of April, 1904, Frank M. Fargo, the claimant above referred to, feeling aggrieved at the above order, filed a petition for review. The question presented for review by the above petition is whether or not the referee erred in the above order in the following particulars:

"(1) In ordering that the claim of Frank M. Fargo as an individual creditor of the said George Watkinson be re-examined.

"(2) In ordering the said Frank M. Fargo to appear before the referee at his office, No. 701 Arcade building, City Hall Square, Philadelphia, on the 13th day of May, 1904, at 10 o'clock a. m., for examination in relation to said claim.

"(3) In ordering that the said Frank M. Fargo appear before the referee at his office, No. 701 Arcade building, City Hall Square, Philadelphia, on the 13th day of May, 1904, at 10 o'clock a. m., for examination in relation to said claim, without providing that the trustee, upon whose petition the said order for re-examination had been made, should pay all the expenses of said Frank M. Fargo in traveling from his home, in Chicago, to Philadelphia and return, and his expenses while in Philadelphia.

"(4) The referee erred in ordering, in the alternative, that the said Frank M. Fargo should appear for examination with respect to said claim before a referee of the district in which he resides, upon due notice, if he cannot, without hardship to himself, owing to the distance of his residence, appear before the referee at the time and place above mentioned.

"(5) The referee erred in ordering, in the alternative, that the said Frank M. Fargo appear for examination with respect to said claim before a referee of the district in which he resides, upon due notice, if he cannot, without hardship to himself, owing to the distance of his residence, appear before the referee at the time and place above mentioned, without providing for the payment of the expenses and counsel fees of the said Frank M. Fargo by the petitioner upon whose petition the order for examination was made.

"For the information of the court, the following papers are annexed hereto.

"(1) Copy of the claim of Frank M. Fargo.

"(2) Petition of the Provident Life & Trust Company, trustee, asking for a re-examination of the above claim.

"(3) Answer of claimant.

"(4) Order of referee above referred to.

"(5) Claimant's petition for review.

"For further information of the court, it is proper that I should say that the order complained of was made in the alternative because the statement made by claimant's counsel at the hearing was that it would be a hardship to bring him some 800 miles from his home, and this I desired, if possible, to avoid. Under the order as made, the claimant's testimony may be taken either at Philadelphia or at his place of residence, and in this regard I believe the case of In re Kyler, 2 Ben. 414, Fed. Cas. No. 7,956, to be a sufficient precedent.

"I did not include in the order the expenses of travel to and from Philadelphia, or the claimant's hotel bill whilst here. At the time of hearing, and before the order was reduced to writing, an agreement in this regard was reached between counsel for claimant and trustee; the latter agreeing to pay these expenses if the testimony should be taken here. As this agreement was made in my presence and with my approval, it seemed unnecessary to incorporate it in the order.

"With respect to the allowance of counsel fees, I know of no reason for making a distinction between counsel for this particular claimant and counsel for other claimants. The claimant is a party to the proceedings. He is seeking to establish his right to a pro rata proportion of the fund. The difference between his position and that of the claimants generally is that their proofs, as filed, establish their rights; whereas in his case the connection between the bankrupt and himself, the circumstances surrounding the claim as made, and lack of particularity of statement give occasion for further inquiry. If, under the circumstances, the claimant desires the benefit and advice of counsel, why should it not be at his own expense?

"The claim in question was forwarded to the referee by mail from Milwaukee. At the time of the receipt there was no fund in the trustee's hands for the payment of claims. A fund recently realized has made the payment of a dividend possible in the near future, and the claims of creditors are now being scrutinized with greater particularity than at the time of their original presentation, for the purpose of dividing the fund among those who may be lawfully entitled to participate in such distribution. From such examination it appears that Fargo's claim, as filed, is founded on moneys advanced under an 'agreement or understanding' with Watkinson. Whether such agreement was verbal or written does not appear. If written, the agreement, under the rules of practice, should have been annexed to the claim. From the petition of the trustee—and its allegations in this regard are not denied by the claimant—it appears that Fargo is a son-in-law of Watkinson. This circumstance, which was not known to the referee previously, is material. In re Rider, 3 Am. Bankr. R. 192, 96 Fed. 811. By the express terms of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), the referee may, for 'cause,' on his own motion, continue the consideration of claims, or he may, on motion of the trustee, reconsider allowed claims. Neither the terms of the act, nor the general orders, require the petitioner to aver facts which, if proved, would defeat the claim. It is only necessary, in my judgment, to aver facts which, if true, are a sufficient cause for the re-examination of the claim. The claimant pleads the delay of the trustee as a bar. Until the present time there has been no possibility of the payment of a dividend, and there has been no necessity for the trustee to take such action, especially as Watkinson until quite recently has been in its employ. Moreover the act expressly provides for the re-examination of claims at any time 'before the estate is closed.'"

The foregoing report of the learned referee is adopted as the opinion of the court. The order recommended is so far modified, however, as to provide that if the examination of the claimant is held in Philadel-

phia, and if his claim shall be finally allowed, he shall be repaid his reasonable traveling and hotel expenses. In other respects, the order is approved, except that another day for the claimant's examination must now be fixed by the referee.