### In re LEWIS, ECK & CO.

(District Court, E. D. Pennsylvania.   April 9. 1907.)

#### No. 2,426.

BANKRUPTCY—RECONSIDERATION OF CLAIM—PLEADING.

Proceedings to expunge a claim against an estate in bankruptcy after it has been allowed should properly be based on petition and answer, and where a petition has been filed by a trustee and a time fixed for answering the same, but the claimant neither files an answer nor asks for an extension of time, he will not be allowed to file an answer after the trustee has finished taking testimony under his petition.

In Bankruptcy.   On certificate from referee.

Howard M. Long, for trustee.
Philip J. Dougherty, for claimant.

J. B. McPHERSON, District Judge.   The claim of J. B. Ellison's Sons was duly proved against the bankrupt estate, but several months later the trustee presented a petition to expunge, under clause "k" of section 57 (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]).   The claimants were allowed 15 days within which to file an answer, and, after this time had expired without the presentation of any defense or objection, the referee proceeded to take testimony in support of the petition.   The claimants' counsel attended these hearings and cross-examined the witnesses, but no application was made to remedy the failure to file an answer until after the trustee had taken all his testimony.   At that time, a month after the return day, the claimants offered to take testmony on their own be-

half, and asked leave to file an answer to the petition. The referee ruled:

"That proceedings to expunge claims should be properly founded on petition and answer; that where a petition has been filed and an answer has not been filed within the time limited by the rules of court, and an order entered as was made in this case, the proceedings should go on upon the petition to which no answer has been filed. In the opinion of the referee the respondents cannot take testimony without having obtained leave to file an answer, which the referee does not feel authorized to allow."

To this ruling the claimants excepted, and asked that the question be certified.

It will be observed that the precise question before the court is whether the referee was right in deciding that upon the facts stated he had no authority to allow the claimants to file an answer at the time when they asked leave so to do. In my opinion, this decision of the referee was correct. The claimants had ample opportunity to make defence to the petition; for, if the 15 days originally allowed for this purpose had for any reason been insufficient, further time would no doubt have been granted upon cause shown either to the referee or to the court. It was only necessary that a prompt application should be made, but it was too late to ask for leave after the trustee's case had been put in, and the claimants were thus fully advised of the evidence which they were obliged to meet. To grant leave now—no unusual excuse being offered—would give them an undue advantage, which the court, no more than the referee, is disposed to allow them.

It may be as well to add, in order to avoid misunderstanding, that I intimate no opinion on the merits of the trustee's petition to expunge. The referee has not decided the question presented thereby, and the court is merely passing now on the point of practice raised by the present certificate.

The ruling of the referee is affirmed.