## In re GOBLE BOAT CO.

### (District Court, N. D. New York. September 25, 1911.)

1. BANKRUPTCY (§ 332*)—CLAIMS—SUFFICIENCY.

The manager of a bankrupt corporation filed a claim against it, alleging that there was justly due claimant $1,494.83, that the consideration for the debt was for labor as manager of the bankrupt's plant, that no part of it had been paid, that there were no set-offs and counterclaims, and that deponent had not received any security. Attached to the claim was a statement of account, charging the bankrupt "to money advanced and salary from September 18, 1909, to December 19, 1910, $2,295.96," and giving a credit "by money drawn from firm, $801.13," leaving a balance of $1,494.83. *Held*, that the claim was insufficient for failure to set out an itemized account, showing the amount and rate of salary and the dates or amounts of the advances of money, and for failure to state when the salary became due and that no note had been received for the account nor any judgment rendered thereon as required by General Order 21 (89 Fed. ix, 32 C. C. A. xxii).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 332.*]

2. BANKRUPTCY (§ 339*)—CLAIMS—OBJECTIONS.

Bankruptcy Act July 1, 1898, c. 541, § 57k, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), provides that claims which have been allowed may be reconsidered for cause and allowed or rejected in whole or in part according to the equities, before but not after the estate has been closed. *Held*, that where a claim for money advanced and services rendered was insufficient in form and at the first meeting of creditors was allowed only for voting purposes, after which a petition was filed by objecting creditors to expunge the claim, and on this the referee appointed a time and place for hearing, the claim filed did not prove itself, but it was the duty of the claimant to reply to the creditors' petition, and, in the absence of any such reply or appearance by the claimant, the referee properly expunged the claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 339 *]

In the matter of bankruptcy proceedings of the Goble Boat Company. On petition to review a referee's order expunging and disallowing the claim of J. Lee Goble, an alleged creditor. Affirmed.

John C. Henry, for objecting creditors.
Joseph T. McCaffrey, for claimant.

RAY, District Judge. At the first meeting of creditors, J. Lee Goble by his attorney filed a claim against the bankrupt estate for $1,-494.83 dated May 16, 1911. The claim was verified in Cuyahoga county, Ohio, but accompanied by a power of attorney to Joseph T. McCaffrey, who presented it. The referee before whom this proceeding was pending allowed the claim for voting purposes only as formal objections were interposed thereto by creditors. The referee certifies that the claim was allowed for that purpose only and the objections not examined into or evidence taken.

[1] The allegation and statement of the claim (aside from mere formal parts) are as follows:

"That the Goble Boat Company, the corporation by which a petition for adjudication in bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said deponent (claimant) in

---

the sum of $1,494.83; that the consideration of said debt was for labor in the employ of said company as manager of its plant; that no part of said debt has been paid; that there are no set-offs or counterclaims to the same; and that deponent has not nor has any person by his order, or to his knowledge or belief, for his use, had or received any manner of security for said debt whatever.                                   [Signed]   J. Lee Goble, Creditor."

The certificate and signature of notary public before whom sworn to followed.

Attached to the claim was the following statement of account:

Oswego, N. Y., January 1, 1911.

Goble Boat Company,

To J. Lee Goble, Dr.

To money advanced and salary due from Sept. 18, 1909, to Dec. 19, 1910 ................................................................ $2,295 96

Credit

By money drawn from firm....................................    801 13

                                                            $1,494 83

Then followed the power of attorney.

It is evident this is a claim on an open account. The claim is in no manner itemized, and, while the account attached itself shows the claim was for money advanced to the firm and for salary or compensation, the amount or rate of salary is not given nor the dates or amounts of advances of money. The verified claim itself makes no mention of money advanced, but refers to labor solely. Clearly taking the two together the bankrupt was not owing the claimant $1,494.83 for labor unless the money drawn from the firm, $801.13, equaled the money advanced. However this may be, the claim does not state specifically when the salary became due, and the proof of claim fails to state that "no note has been received for such account nor any judgment rendered thereon," as required by General Order 21 (89 Fed. ix, 32 C. C. A. xxii). The money may have been drawn at one time or at different times. Perhaps the fair inference is that the salary became due December 19, 1910, and that the $1,494.83 was all for salary.

In any event, the claim was never allowed, as the referee says he allowed it for voting purposes only, and in effect that the trial of the merits of the objections was postponed.

Later and on application of the objecting creditors an order was made by the referee for a re-examination of the claim fixing time and place, pursuant to the provisions of subdivision 6 of General Order 21 (89 Fed. x, 32 C. C. A. xxiii), and requiring the claimant to appear and submit to examination regarding his claim.. This was duly served on the claimant; but on the day and at the place fixed the claimant did not appear in any way, and thereupon the referee expunged and disallowed the claim. No evidence or testimony whatever was offered or taken.

[2] The contention of the claimant is that this was error; that the claim is in due form and sufficient on its face, and proves itself; that even with objections filed it was the duty of the referee to allow the claim, unless some evidence showing or tending to show the invalid-

ity of the claim was presented by the objecting parties; that the general order referred to does not impose any obligation on the creditor whose claim is questioned to appear or produce evidence in support of his claim or throw any burden of proof on him; that, his claim and the proofs thereof being in due form and regular, it was for the objecting parties to produce some evidence impeaching it. The creditors, on the other hand, contend that General Order 21 is for the protection of the estate and general creditors; that they have the right to examine the claimant as to the merits and justice of his claim for the purpose of ascertaining the truth; that, having been cited for the purpose, his failure to obey the order was a denial to them of this right; and that, the objections being verified, such failure to appear may be taken as a confession or admission that the allegations of the answer or objections are true.

General Order 21 is one the Supreme Court had power to make and is one essential to the protection of general creditors against fraudulent claims. It confers the right on the objecting creditors to examine the claimant if he appears, but does it impose the obligation on the claimant to appear and submit to examination? This general order says:

"At the time appointed the referee shall take the examination of the creditor and of any witnesses that may be called by either party, and if it shall appear from such examination that the claim ought to be expunged or diminished, the referee may order accordingly."

The consequences of a failure of the claimant to appear and submit to an examination are not in terms indicated or declared. This really is not the case of the reconsideration and re-examination of a claim once allowed, as the referee certifies he never allowed it except for voting purposes at the first meeting. It will be noted that the general order referred to does not require the claimant to appear or authorize the referee to make an order requiring such claimant to appear. It of course contemplates that he will appear, but does not make such appearance obligatory or indicate the consequences of nonappearance. If he does not appear, he cannot, of course, give evidence. On the other hand, the objecting parties are deprived of the opportunity to examine him.

I know of no rule making sworn objections to a claim prima facie evidence of their truth. And, when a petition to re-examine a claim once allowed is filed, I know of no rule or decision that makes the allegations of such petition prima facie evidence of their truth. However, in Re Docker-Foster Co. (C. C.) 123 Fed. 190, Judge McPherson held that, under the provisions of General Order 37 (89 Fed. xiv, 32 C. C. A. xxxvi):

"In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. Rule 18 of the Supreme Court is applicable in case of a petition to reconsider a claim and demands an answer to the petition in default of which a decree or an order disallowing the claim may be taken pro confesso."

See, also, In re Lewis Eck & Co. (C. C.) 18 Am. Bankr. Rep. 657, 153 Fed. 495, that an answer is necessary or claimant cannot give evidence on the merits of the claim.

On the other hand, the Supreme Court has held that the formal proofs of claim, if sufficient on their face, are some evidence, and therefore prima facie evidence, of the justice and accuracy of the claim and, in the absence of evidence impeaching it, sufficient to require its allowance. That case (Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 584, 50 L. Ed. 963) did not arise on an application for a reconsideration of the claim, but on objections filed and a hearing thereon. The bankruptcy act itself has declared of what the proofs of a claim shall consist and has declared that when duly made and presented to the referee or court the claim shall be allowed, unless of course objections are filed and sustained by proof. It is a question whether equity rule 18 of the Supreme Court is to be applied to the case of a petition for the re-examination of a claim once allowed. The proper prayer of the petition is that the claim be re-examined, reconsidered, and disallowed in whole or in part. If no answer is interposed, the claimant of course consents that the claim be reopened, reconsidered, and examined into: that the grounds for reconsideration are sufficient, but the claim and proofs accompanying stand: and on the rehearing or examination may not the burden of producing evidence to impeach the claim remain in the objecting party? It is with considerable hesitation that I agree with Judge McPherson, in the case cited, that failure to file an answer to the petition to reconsider the claim justifies the disallowance of the claim and is a confession that the facts stated in the petition as cause for reopening and reconsidering are true. Section 57k reads:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

If the petition for reconsideration is to state the alleged cause for rejection and disallowance and the objections to the claim, and these objections must be established by evidence before the claim can be reconsidered—that is, if the objections and merits of the claim are to be fully tried out in the proceeding to reconsider the claim, that is, determine whether it should be reconsidered, and an order thereupon made both reconsidering and either allowing or disallowing the claim in whole or in part—then a failure to answer the petition for a reconsideration may well be considered as a confession that all its allegations are true. If, on the other hand, the proceeding on the petition for a reconsideration for cause is to determine merely whether sufficient grounds exist for a reopening of the case as to the claim and full trial of the claim on the merits, and the trial on the merits is to follow the order allowing a reconsideration and determining that grounds for a full trial of the truth of the objections exist, then the failure to answer is a confession merely that sufficient grounds exist for reconsidering the claim and trying out the merits of the objections. I find nothing very satisfactory on the subject. The general orders adopted and promulgated by the Supreme Court are not definite or conclusive,

and the forms indicate little if anything. On the other hand, the forms given in "Bankruptcy Forms, Hagar and Alexander," would indicate an understanding that the petition for a reconsideration of the claim is a pleading in a proceeding for determining the justice or merits of the claim, and that an answer is essential to raise any question as to the facts therein alleged, and that there is but one order to be entered after the filing of such a petition, notice of hearing, or order to show cause thereon, and answer, or the petition and notice if no answer to the petition is filed. See Bankruptcy Forms, Hagar and Alexander, pp. 221, 222, 223, forms Nos. 144, 145, 146.

In re Watkinson & Co. (D. C.) 12 Am. Bankr. Rep. 370, 130 Fed. 218, it is held and in Re Ankeny (D. C.) 4 Am. Bankr. Rep. 72, 100 Fed. 614, it is indicated that the petition for the reconsideration of a claim need not allege facts sufficient to defeat the claim in whole or in part; that it is only necessary to allege facts which, if true, are sufficient cause for reconsideration. If the proceedings for the reconsideration of a claim once allowed are to be considered and treated as a motion or application for a new trial merely, then if the petition shows reasonable and sufficient grounds therefor, and notice is given or an order to show cause granted and served, and an answer thereto made, the first determination of the court or referee would be: Shall the claim be reconsidered—that is, opened—and its merits tried out, and, if that should be answered in the affirmative, the claim would be at issue on the proofs of claim (and any amendments thereto) and the objections to the claim, not on the petition for reconsideration and answer thereto.

I think the order of the referee disallowing the claim was correct and must be affirmed, but on the ground that the proofs of claim were defective and not in compliance with General Order 21, demanding and requiring that the proofs, in such a case and claim as this, shall state whether or not a note has been received for such account or any judgment rendered thereon. It appears that the claim had been allowed for voting purposes only, and objections had been filed and not heard, tried, or determined. The claim was therefore open for a hearing on the merits and the order to show cause made by the referee July 12, 1911, on the petition of Henry M. Stacy, trustee, requiring Goble, the claimant, to appear July 26, 1911, and show cause why he should not then and there be examined concerning his claim and the merits of said objections (those filed at the first meeting of creditors) determined as in said petition prayed, was sufficient notice, and on that day the referee had the right to pass on the claim, its merits, and the sufficiency of the proofs presented. The proofs filed were insufficient to justify the allowance of the claim, and it was properly disallowed whether we consider the hearing July 26, 1911, as one on the petition of creditors to reconsider the claim or one on the petition of the trustee to have the original objections to the claim heard and the sufficiency, etc., of the claim determined. A referee is not justified in allowing a claim against an estate in bankruptcy when the proofs filed do not comply with the statute or general orders promulgated by the Supreme Court, whether

creditors or the trustee raise specific objections to the sufficiency of the proofs filed or not. It is the duty of the referee to examine the proofs filed and see that they are sufficient. As a rule a majority of the creditors of a bankrupt cannot afford to go to the expense of employing an attorney to attend and examine the claims filed, and the duty rests on the referee before allowing a claim to see to it that the proofs filed comply with the statute and general orders.

Section 57d says that:

"Claims which have been *duly* proved shall be allowed upon receipt by or upon presentation to the court," etc.

Such claims and no others are to be allowed by the referee whether objected to or not. A claim is not "duly proved" when on its face the proofs fail to comply with the general orders promulgated by the Supreme Court as to the proof of claims. If this claimant was "manager" of the plant of this bankrupt down to the time of its bankruptcy, as his claim indicates he claims he was, it was all important in the matter of a claim of this size presented by himself against the estate he managed and only fair and just that he appear and submit to examination regarding such claim. His failure to obey the order of the court, or appear in person or by his attorney who resided in the same town with the referee and where the order was returnable, does not commend him or his claim to the favorable consideration of the court. Being unable to appear, being at a distance and in the state of Ohio, if he was there, did not justify him in paying no attention to the order of the court, and certainly it offered no justification to his attorney, who resided in the same city with the referee, and who could have applied for a modification of the order allowing the examination to take place in Ohio.

The order disallowing and expunging the claim is affirmed.