### In re ELK VALLEY COAL MINING CO.

#### (District Court, W. D. Kentucky. January 28, 1914.)

1. BANKRUPTCY (§ 342*)—ADMINISTRATION OF ESTATE—CLAIMS—RE-EXAMINATION—FEES.

General Bankruptcy Order 10 (89 Fed. vi, 32 C. C. A. xiii) provides that before incurring any expense in publishing or mailing notices, or in traveling or procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal, or referee may require from the bankrupt, or other person in whose behalf the duty is to be performed, indemnity for such expense, and that money advanced for such purpose by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt or other person shall be repaid him out of the estate as part of the cost of administration. *Held* that, where proceedings were instituted for the re-examination of certain labor claims filed against the estate, the referee was not authorized by such rule to require petitioner to deposit funds to indemnify the claimants for traveling expenses, hotel bills, etc., while in attendance on the hearing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. § 342.*]

**2. BANKRUPTCY (§ 342*)—CLAIMS—RE-EXAMINATION.**

On re-examination of claims filed against a bankrupt's estate, the proofs of debt filed by the claimants constitute a prima facie case in favor of the claim sought to be re-examined and will be sufficient for its support unless the objector by positive testimony overcomes the same, and if she does so additional testimony in support of the claim may then be heard.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. § 342.*]

**3. BANKRUPTCY (§ 342*)—CLAIMS—RE-EXAMINATION.**

On proceedings for the re-examination of claims before a referee in bankruptcy, he is authorized to subpœna any person to appear for examination at the expense of the state by Bankruptcy Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. § 342.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Elk Valley Coal Mining Company. Mrs. Sallie J. Thompson having taken steps to have the claims of certain labor claimants re-examined, the referee entered an order requiring her to deposit money sufficient to reimburse certain named known resident claimants for their traveling and hotel expenses which they might incur while attending a meeting for the purpose of being examined as to their claims, and she files a petition for review. Reversed.

J. W. Linton, of Russellville, Ky., for Mrs. Thompson.

S. M. Russell, of Louisville, Ky., and Walker Wilkins, of Central City, Ky., for creditors.

EVANS, District Judge. Certain debts against the bankrupt asserted to be entitled to priority under the Kentucky Statutes were proved in due form and were allowed by the referee at the first meeting of creditors. Subsequently Mrs. Sallie J. Thompson took steps to have each of these claims re-examined by the referee. At the time appointed for the hearing, namely, on September 24, 1913, the referee entered an order the recitals and details of which will sufficiently explain the situation. The order is as follows:

"At a meeting of the creditors held at the office of Walker Wilkins, in Central City, county of Muhlenberg and state of Kentucky, pursuant to notice, on the 24th day of September, A. D. 1913, for the purpose of re-examining certain claims known as the labor claims, said claimants by their attorney Walker Wilkins moved the court to require Sallie J. Thompson to deposit with the court a sum of money sufficient in amount to pay all expenses, including mileage, hotel bill and attendance of each and all of the nonresident claim holders herein, namely, M. L. Goff, George Buckelew, Harrison Tett, W. D. Lyall, Ora Wyatt, Chester Wyatt, all now living in the state of Illinois, and also E. O. Brown and Robert Coleman now living in the state of Indiana, and also Chas. Cris who is now living in the state of Virginia.

"Said claimants by their attorney Walker Wilkins filed an affidavit in support of said motion. Said motion having been fully considered, it is therefore ordered that said motion be and the same is hereby sustained, and Sallie J. Thompson is hereby ordered to deposit with the trustee S. F. Davis an amount of money sufficient to reimburse the above-named nonresident claimants for their traveling expenses and hotel expenses which said claimants may incur when attending a meeting for the purpose of being examined as to their claims filed in the above matter. Said amount to be ascertained by the trustee S. F. Davis."

In due course Mrs. Thompson filed her petition for a review by the court of this order, and on Saturday last the parties brought the matter before the court, and it was argued by their respective counsel. The referee reports that he based his ruling upon General Order in Bankruptcy No. 10 (89 Fed. vi, 32 C. C. A. xiii) and upon section 848 of Remington on Bankruptcy. Counsel for the creditors also cited In re George Watkinson & Co. (D. C.) 130 Fed. 218.

[1] General Order in Bankruptcy No. 21, cl. 6 (89 Fed. x, 32 C. C. A. xxiii), authorizes the re-examination of a claim filed against the bankrupt, and Mrs. Thompson exercised a right thus given. General Order in Bankruptcy No. 10 is as follows:

"Before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as part of the cost of administering the same."

It seems entirely manifest that this general order in no way authorizes the order of the referee which Mrs. Thompson seeks to have reviewed. True the clerk, the marshal, or the referee, under that order, may, in advance of performing certain services required by the person for whom such services may be performed, demand indemnity for their expenses; but in no way does General Order No. 10 authorize the requirement that Mrs. Thompson should indemnify her opponents for traveling expenses or for hotel bills incurred in their own behalf should they come to the hearing, she never having requested them to do so, and never having had them subpœnaed as witnesses in her behalf.

[2] While we cannot approve the order of the referee, not to say more might be somewhat misleading. For that reason we add that, when the questions in respect to the re-examination of the claims come on to be heard before the referee, it must be remembered that under the rule laid down in Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584, the proofs of debt already filed have made a prima facie case in favor of each claim sought to be re-examined, and will be sufficient for their support respectively unless Mrs. Thompson, by positive testimony in her own behalf, shall overcome the prima facie case. If she does that, of course, other competent testimony may be heard on either side. But if no testimony is adduced by Mrs. Thompson in respect to any particular one of the claims, then there will be no ground shown for setting aside its allowance, and the petition for the re-examination of such claim should be dismissed.

[3] We may also add that under section 21a of the act the referee may order "any designated person" to appear for examination, and

may also order the expense thereof to be paid out of the estate or otherwise, in some cases, as may be proper. As General Order in Bankruptcy No. 10 is not mentioned in the report of the case In re George Watkinson & Co. (D. C.) 130 Fed. 218, and as the bankrupt in that case was expressly ordered to appear for examination, we have supposed the ruling there possibly had reference to section 21a rather than otherwise.

The order of September 24, 1913, complained of in the petition for a review, must be, and it is, reversed and set aside, and further proceedings must be had upon the petition for the re-examination of the claims mentioned therein.