# Knoll, Trustee, *v.* Commercial Trust Co., Appellant.

*Bankruptcy—Bank deposits—Notes held by bank — Set-off — Check given for note—Unlawful preference—Forfeiture of right of set-off.*

While it is well settled that, in the absence of fraud, a bank having funds of a bankrupt on deposit may set-off a debt owed it by the bankrupt against the claim of the trustee in bankruptcy for the deposit, and may prove any balance against the bankrupt's estate, a bank holding notes of a depositor which accepts payment thereof by check against the funds on deposit, within four months of the bankruptcy of the depositor, and with knowledge of the latter's insolvent condition is the recipient of an unlawful preference within the meaning of the Bankruptcy Act, its right to set off its notes is thereby forfeited, and it will be liable to the trustee in bankruptcy for the amount of the check.

Argued March 2, 1915. Appeal, No. 53, Jan. T., 1915, by defendant, from judgment of C. P. Berks Co., Feb.

T., 1913, No. 519, on verdict for plaintiff in case of John J. Knoll, Trustee of The Walley-Sarge Company, Bankrupt Estate, v. Commercial Trust Company of Reading.    Before MESTREZAT, POTTER, ELKIN, MOSCH-ZISKER and FRAZER, JJ.    Affirmed.

Assumpsit by a trustee in bankruptcy to recover from a creditor an alleged preference given by the bankrupt.    Before WAGNER., J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,762.50 and judgment thereon.    Defendant appealed.

Errors assigned were answers to points, instructions to the jury, rulings on evidence, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

Cyrus G. Derr, for appellant.

E. H. Deysher, with him William Rick, for appellee.

OPINION BY MR. JUSTICE FRAZER, April 19, 1915:

Defendant bank held an overdue note of $4,000 against the Walley-Sarge Company, one of its depositors, and on September 30, 1912, the latter gave to defendant its check for $3,500 drawn against its account.    A week later a petition in bankruptcy was filed against the Walley-Sarge Company and it was subsequently adjudged a bankrupt.    The trustee in bankruptcy sued to recover the $3,500 claiming the payment was a preference of creditors within the meaning of Sec. 60, (a) and (b) of the National Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, which provides that such transfer of property, made within four months of the date of filing the petition, shall be voidable by the trustee.    Defendant, appellant, contended that the transaction was within the provision of Sec. 68a of the Bank-

ruptcy Act which permits a set-off of mutual debts or credits.

The principal question for determination is whether the acceptance of a check, from a depositor, by a bank which holds an overdue note of the latter, operates as a forfeiture of the right of the bank to set-off the note against the deposit in event of bankruptcy of the depositor within four months from the date of the transaction.

Before considering this question it is necessary to dispose of another question raised by appellant, in the "statement of the questions involved," namely, whether any right to set-off by the bank existed independently of the effect of payment by means of a check drawn by the depositor against the bank. This question is well settled. In New York County Nat. Bank v. Massey, 192 U. S. 138, it was held that, in absence of fraud, a bank may set-off its notes against a bankrupt and prove its balance against his estate.

Mr. Justice DAY, delivering the opinion of the court, said (page 145): "It cannot be doubted that, except under special circumstances, or where there is a statute to the contrary, a deposit of money upon general account with a bank creates the relation of debtor and creditor. The money deposited becomes part of the general fund of the bank, to be dealt with by it as other moneys, to be lent to customers, and parted with at the will of the bank, and the right of the depositor is to have this debt repaid in whole or in part by honoring checks drawn against the deposits. It creates an ordinary debt, not a privilege or right of a fiduciary character. ......Page 146, Section 68a of the Bankruptcy Act of 1898 is almost a literal reproduction of Sec. 20 of the Act of March 2, 1867, c. 176, 14 Stat. 517. So far as we have been able to discover, the holdings were uniform under that act that set-off should be allowed as between a bank and depositor becoming bankrupt." This decision has been frequently cited and followed, having

been reaffirmed in the recent case of Studley v. Boylston Nat. Bank, 229 U. S. 523, and disposes of the question of right of set-off.

The main question in the present case is, as was stated at the outset, whether such right was forfeited, or whether the status of the parties was changed, by the fact that the same result, which would have been reached by the exercise of the right of set-off by the creditor, was accomplished by the act of the depositor in giving the bank a check against the deposit prior to bankruptcy. The lower court instructed the jury that such transaction was a preference under the bankruptcy laws, thus in effect deciding the right of set-off was, under the circumstances, not properly exercised by the acceptance of a check for the amount in controversy. The question is not without precedent. It was raised in Traders' Bank v. Campbell, 81 U. S. 87, where the creditor gave his bank a check for the balance of his account, which the bank applied to the indebtedness. The bank contended that, as it had a right to set-off its claim against the deposit, it was immaterial that the same thing was accomplished by the check. The court held this was a payment, not a set-off, and as both creditor and bank knew of the insolvency of the former, the payment was a preference in violation of the Bankrupt Act. The court said (pages 97-98) that "if they had stood on their right of set-off it might possibly have been available, but when they treat it as the bankrupts' property and endeavor to secure an illegal preference by getting the bankrupts to make a payment in one case, and seizing it by execution in the other, when they knew of the insolvency, both appropriations are void."

The question again arose in Studley v. Boylston Bank of Boston, 229 U. S. 523, relied upon by appellant as supporting its contention. In that case the bankrupts had been large depositors and also borrowers from defendant bank. As notes, representing loans, matured they were charged to the general account, but on three

occasions payment was made by check of the depositor. It was alleged these credits and payments, made within four months of filing the petition in bankruptcy, amounted to an illegal preference; and even if the notes charged were not such, payments made by check were clearly improper transfers. The court, by Mr. Justice LAMAR, said (pages 528-529): "There is nothing in Sec. 68a which prevents the parties from voluntarily doing, before the petition is filed, what the law itself requires to be done after proceedings in bankruptcy are instituted........It cannot have been illegal for the parties, on September 12th, 20th, 30th, October 3d and 14th, to do what the law would have required the trustee to do in stating the account after the petition was filed on December 16, 1910. No money passed in either instance; for, whether the checks for $5,000 were paid or notes for $5,000 were charged, was, in either event, a book-entry equivalent to the voluntary exercise by the parties of the right of set-off."

While the foregoing language appears to be contrary to the earlier case of Traders' Bank v. Campbell, supra, a reference to the facts of the two cases shows there is in fact no conflict. In the earlier case the creditor and the bank both knew of the fact of insolvency, while in the later case the decision was based on the fact that the bank had no knowledge thereof. This is shown by the following language on page 526: "But if, as found by the referee, the bank had no reasonable cause to believe such transfers would effect a preference, the payments by checks for $15,000, drawn on the deposit account, are as much protected as if on the same dates similar checks had been given in payment of like amounts due another bank with which the Collver Company, the depositor, kept no account." It appears from this the decision was based, not on the question of right of set-off, but on absence of the creditor's knowledge of the debtor's insolvent condition.

Traders' Bank v. Campbell was followed by In re

Starkweather & Albert, 206 Fed. Repr. 797, where a bank, with knowledge of the depositor's financial condition, threatened to charge a note against his account unless paid, and the depositor gave his check for it. This was held a voidable preference.

Under the above decisions, the transaction between the parties in this case was a payment, not a set-off, and the instruction which forms the basis of the eighth assignment of error was correct if the defendants had reasonable cause to believe the result of the transaction would be a preference, that is, if they had such knowledge of the depositor's financial condition as would lead a reasonable business man to foresee the probable result of such payment to them. This question was submitted to the jury, who found they had such knowledge, and, since there is ample evidence in the case to support such finding, there is no reason for interfering therewith.

There was no error in admitting the record of the bill in equity brought by a stockholder creditor of the Walley-Sarge Company asking for the appointment of a receiver on the ground of insolvency, the offer of the bill being accompanied by an offer to show it was handed to the general counsel of defendant. While there was a denial of the authority of the attorney to represent defendant in the particular matter, there was sufficient evidence in the case to warrant a submission of the question to the jury, which was done by the trial judge in his charge. It was further shown that the Walley-Sarge Company passed a resolution authorizing their attorney to file an answer to the bill admitting insolvency and joining in the request for the appointment of a receiver on that ground, and that the whole matter was called to the attention of defendants' attorney. There was also evidence of notice to the treasurer of defendant of a proposition having been made to settle with creditors at forty cents on the dollar. Although denied by him, this was competent evidence for the jury of notice to the bank. The schedules, accounts and distribution sheets

were also competent on the question of insolvency: In re Docker-Foster Co., District Court, Eastern District of Penna., McPHERSON, Dist. Judge, 123 Fed. 190. All this was evidence tending to establish reasonable cause for defendant to believe its transaction with its depositor would effect a preference. Nothing further in the record calls for comment.

Judgment affirmed.