## In re EHRLICH.

(District Court, E. D. Pennsylvania. December 8, 1924.)

No. 8429.

1. Bankruptcy ⟨⟩475—Funds of estate not subject to appropriation as indemnity for expenses of officers.

General Order X (89 F. vi), providing that, before incurring any expense, the clerk, marshal, or referee may require "from the bankrupt or other person in whose behalf the duty is to be performed" indemnity for such expense, and that money advanced for that purpose shall be repaid as a part of the cost of administration, does not contemplate the appropriation of funds of the estate as a deposit or indemnity.

2. Bankruptcy ⟨⟩347—Where funds insufficient to pay expenses of clerk, marshal, and referee in full, they should be applied pro rata.

Bankruptcy Act, § 64b, subd. 3 (Comp. St. § 9648), does not give priority to the referee for expenses incurred in administration, over other claimants classed under section 64b, subd. 3, and where he has not required indemnity in advance, as permitted by General Order X (89 F. vi), and the funds of the estate are insufficient to pay such claims in full, they should be applied pro rata.

In Bankruptcy. In the Matter of Morris Ehrlich, bankrupt. On review of order of referee. Reversed.

Bertram K. Wolfe, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. Upon the audit of the account of the receiver, the referee charged him with a balance of $986.40. Out of this item of charge, he ordered the landlord's claim for use and occupation, during the receivership, of the premises under lease to the bankrupt, to be paid as a debt having priority under section 64b (1), being Comp. St. § 9648, as part of the actual and necessary cost of preserving the estate subsequent to filing the petition. That order was affirmed by Judge McKeehan upon a prior petition for review. Thereupon the referee ordered certain expenses of the receiver, his commissions, the receiver's attorney's fee, the appraisers' fees, the landlord's claim, and the referee's expenses incurred in the administration of the estate during the receivership to be paid as debts having priority under section 64b (1), amounting in all to $864.02, leaving a balance for further distribution of $122.38, out of which he awarded payment of the petitioning creditors' filing fee and the affidavits to the creditors' petition, $33 in all. The receiver having been appointed trustee, the net balance then remaining in the receiver's hands, $89.38, was ordered paid over by him to his order as trustee.

The referee's expenses in the administration of the estate, incurred after the administration during the receivership, amounted to $117.95. The referee estimated that the probable expenses to the closing of the estate would be $12.80, making his total expenses $130.75, then unprovided for. The referee's opinion and order concludes as follows: "Inasmuch as the sum in the hands of the trustee as aforesaid is insufficient to meet these expenses, and as under General Order No. X the referee is authorized to demand indemnity, it is ordered that the entire balance appearing to be in the trustee's hands be paid to the referee as indemnity on account of expenses accrued and to accrue in the administration of the estate."

The trustee filed a petition for review of this order, assigning error in that it provided that the whole balance left in the hands of the trustee should be paid over to the referee as indemnity on account of the expenses accrued and to accrue in the administration of the estate; whereas, such amount should be distributed pro rata among all the claimants under this class, as provided by section 64b (3) of the Bankruptcy Act. It is apparent that the thought in the mind of the referee was that the provision for indemnity under General Order X is to be construed as designating an order of priority of distribution which is to be read into section 64b (3) covering the cost of administration.

[1] While the total amount involved and the amounts claimed to be distributable to the classes of claimants provided for by section 64b (3) are rather insignificant, the question raised is sufficiently important to have serious consideration. I agree with the thought which I have above attributed to the referee that General Order X is intended for the protection of the clerk, marshal, or referee, and is intended to provide a method by which they may obtain the equivalent of a priority over all claims of priority made under section 64. The General Order reads as follows:

"Before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense. Money advanced for this purpose by the bankrupt or other person shall be repaid him out of the estate as part of the cost of administering the same."

In order to secure the advantages of Order X, the referee must secure himself by following its terms, and require, not after, but before, incurring the expenses therein enumerated, either from the bankrupt or other person, presumably a creditor, in whose behalf the duty is to be performed, indemnity for such expenses. The bankrupt or other person is by the terms of the order subrogated to the right of the officer indemnified by him to a claim under the appropriate class given priority as part of the cost of administration.

There is nothing in the order to indicate, however, that the referee may award to himself, or to the clerk or the marshal, where the fund applicable to section 64b (3) is insufficient to pay all claimants of that class, the entire fund or any part thereof as indemnity either for expenses accrued or to accrue. The order does not contemplate the application of the funds of the estate as a deposit or indemnity. Indemnity implies, and the words of the order imply, a provision against loss which may be incurred while performing a duty in behalf of the persons to be benefited. There should be no difficulty on the part of the referees, the

clerk, or the marshal in thus indemnifying themselves prior to incurring expense. Unless the indemnity is provided, the officer may refuse to act.

[2] Inasmuch as the referees are protected by General Order X, I see no reason to construe section 64b (3) as it was construed by the referee in the Matter of George H. Burke, 6 Am. Bankr. Rep. 502, who held that among the claimants having priority under section 64b (3) there was a suborder of priority in favor, first, of the referee; next, the trustee; and, lastly, in that case, the bankrupt's attorney. In the absence of any provision in the statute for this suborder of priority, my opinion is that the fund of $89.38 should be distributed pro rata among the claimants coming under that class.

The order of the referee. is reversed, and it is ordered that distribution be made in accordance herewith.