## In re WALKER GRAIN CO.

District Court, N. D. Texas, Fort Worth Division. June 13, 1927.

No. 1001.

1. **Bankruptcy** ⬅475—Creditors, contesting claims of another creditor, held properly required to give security for costs (Bankruptcy Act, § 2, subd. 18 [Comp. St. § 9586]; General Order No. 10, 89 F. vi).

Creditors, contesting claim of another creditor, *held* properly required by referee to give security for costs, in view of Bankruptcy Act, § 2, subd. 18 (Comp. St. § 9586), and General Order No. 10, 89 F. vi.

2. **Bankruptcy** ⬅477—Referee may tax costs.

Referee in bankruptcy may tax costs.

3. **Bankruptcy** ⬅227—Referee properly certified complaint of creditors required to give security for costs before contesting claim of another creditor, and refused to certify entire claim, opposition thereto, and pleadings.

Where creditors sought review of order of referee requiring them to give security for costs as condition precedent to contesting claim of another creditor, *held*, referee properly certified complaint of contesting creditors to District Judge, and refused to go to the labor of certifying the entire claim and all the opposition thereto and pleadings.

In Bankruptcy. In the matter of the bankruptcy of the Walker Grain Company. On petition to review action of referee in refusing to allow a creditor to contest the claim of another creditor without giving security for costs. Referee's action affirmed.

See, also, 294 F. 951; 8 F.(2d) 510.

Slay, Simon & Smith, of Fort Worth, Tex., for petitioner.

Boykin & Ray, of Fort Worth, Tex., opposed.

ATWELL, District Judge. [1] J. G. Gordon Company, Carter Grain Company, E. D. Roach, John R. Scott, J. L. Brooks, Childress Grain & Commission Company, and Linda Milling Company filed general claims, as did also the Western Grain Company. The Western Grain Company claim was allowed in an order providing for a 10-day period within which any aggrieved party might protest.

J. L. Walker and the Anchor Grain Company protested the first seven claims, and, after the expiration of the 10-day period mentioned on the Western Grain Company claim, sought to have that order reviewed. The referee entered an order providing that the contesting creditors should make a deposit for costs in each case in the sum of $25. This they refused to do.

Allowance of each claim was duly made, to which the contesting creditors sought reviews. The referee refused review records, but has certified to me the complaint of the contesting creditors at his action in demanding security for costs before permitting contests.

Subdivision 18 of section 2 of the Bankruptcy Act (Comp. St. § 9586) provides that a court of bankruptcy may "tax costs, whenever they are allowed by law." General Order No. 10, 89 F. VI, provides in part that, "before incurring expense in publishing or mailing notices, * * *. or in procuring attendance of witnesses, or in perpetuating testimony, the clerk, marshal or referee may require, from the bankrupt or other person in whose behalf the cost is to be performed, indemnity for such expense."

At page 114, vol. 1 (13th Ed.) Collier, is this phrase: "It seems, too, that costs may be allowed against creditors who unsuccessfully contest the validity of claims."

[2] The referee may tax costs. Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584; In re Ehrlich (D. C.) 3 F.(2d) 62; In re Scott, 7 Am. Bankr. Rep. 710; In re Elk Valley Coal Mining Co. (D. C.) 210 F. 386; In re Little River Lumber Co. (D. C.) 101 F. 558; and In re All Star Feature Corporation (D. C.) 232 F. 1004—are slightly helpful in concluding that there is no reason why a bankrupt creditor should be permitted to litigate without the risk of paying costs.

Judge Learned Hand, in the last case, says: "I have repeatedly held that, when a trustee contests the claim of an outsider, the controversy is inter partes, and costs follow as in any other case. Why the creditors of a bankrupt should have any warrant for litigation free from the usual risks, I confess I have never been able to see. If the bankrupt had resisted the claim unsuccessfully, no one would think of asking exemption for him; but, when it is the creditors, it seems to be very hard, at least in this district, to dislodge the notion that they are in some sense wards of the court and entitled to special consideration."

But, quite aside from any adjudicated case, it would seem to follow as a very reasonable power of a court of equity to require the litigant to indemnify the officers and employees of the court against unremunerated

toil. A contestant brings a bill against a sworn proof of claim. He is the plaintiff. He must indemnify the court officers, or file affidavit of inability to do so, upon being so required.

[3] It seems to me that the referee acted properly, and that he also acted properly in refusing to go to the labor of certifying the entire claim and all of the opposition thereto, and pleadings therefor. His action in requiring the deposit of the creditors is affirmed.