judgment and full satisfaction for this wrong against Watkins, who carried him to Acapulco, I am unable to perceive how he can maintain this action against the cotrespasser charged and admitted to have aided and abetted in consummating a design common to both.

Even if, under the allegations and proofs, it were possible legally to separate these acts and to treat the tort of the respondent as separate and distinct from that of Watkins, it would be hardly practicable to measure the damages; for the tort of the respondent would, in that case, be considered as terminating when the prisoner reached the deck of the steamer. The statement of his subsequent asportation and other grievances, for which he has been compensated, would be disregarded, and the recovery limited to an indemnity for the isolated act of carrying him from the wharf to the Heads.

But it is said that the judgment obtained against Watkins was not a judgment on the merits, and is therefore no bar to a subsequent suit against a cotrespasser for a complete indemnity for the whole wrong. The decree entered against Watkins was a consent decree. It is true that the court was not called on to estimate the damages; but the facts were admitted by the parties, and a sum agreed on as a compensation for the wrong. For this sum a decree was entered, the amount decreed was paid, and a satisfaction piece filed. I am unable to see how I can regard this as any less a satisfaction for the tort than if the same sum had been awarded by a court or jury, and accepted by the injured party. That the sum is less than would probably have been decreed as a compensation for the grievous wrongs inflicted on the libelant may be admitted; but he has chosen to accept it in satisfaction of a joint trespass for which various parties were severally liable, and the case presented is not distinguishable from that put in the books, viz. that a recovery and satisfaction against one joint trespasser is a bar to an action against another for the same tort.

Affidavits have been presented with a view of establishing whether the sum decreed was paid and received as a satisfaction for the whole wrong, or only in discharge of the personal liability of Watkins. But the affidavits are conflicting as well as inadmissible. The record in the case of Watkins shows for what injuries the decree was entered, and for those injuries the sum paid was accepted as a compensation. The record and proofs in this case show that the tort now sued on was the same, or, rather, that it was a joint tort committed by several parties acting in concert and pursuance, as the libel so frequently avers, of a common design. In any view I have been able to take of this case, it has appeared to me that recovery and satisfaction obtained in the former suit is a bar to this action.

As a decree was entered against Watkins

after the commencement of this suit, the libelant is entitled to his costs, for which a decree will be entered.

DUANE (HOLLINGSWORTH v.). See Cases Nos. 6,614–6,618.

## Case No. 4,106.
### DUANE v. RIND.
[1 Cranch, C. C. 281.][1]
Circuit Court, District of Columbia. Dec. Term, 1805.

SECURITY FOR COSTS.

If the plaintiff has not a domicil in this district, he may be ruled to give security for costs.

[Cited in Miller's Adm'r v. Norfolk & W. R. Co., 47 Fed. 265.]

Motion, by the defendant, for a rule on the plaintiff, to give security for costs, on the ground that the plaintiff is a non-resident. The facts admitted were that the plaintiff has a large bookstore in this city, and occasionally resides here during the winter, has a family, and now resides at Philadelphia. His family never has resided here. He has a storekeeper here. The marshal has applied at the store and received pay for fees regularly. See Act Md. 1796, c. 43, § 12.

THE COURT (KILTY, Chief Judge, absent) was of opinion that the rule ought to be laid. The act of assembly, 1796 (chapter 43, § 12), must be understood to refer to the domicil, the place where the party resides, with his wife and children, if he has any.

DUANE (ROMAYNE v.). See Case No. 12,028.

DUANE (UNITED STATES v.). See Cases Nos. 14,996 and 14,997.

DUBOIS (FITZPATRICK v.). See Case No. 4,842.

## Case No. 4,107.
### DUBOIS v. McLEAN.
[4 McLean, 486.][2]
Circuit Court, D. Illinois. Dec. Term, 1848.

CHAMPERTY — DEEDS — LIMITATION OF ACTIONS— CONSTITUTIONAL LAW—EXECUTOR'S SALES.

1. A deed executed for land, which is held adversely to the grantor, by an individual in possession, is void under the champerty act.

2. The statute of limitation can only run against the legal title.

3. A law authorizing executors to sell so much land of the estate, as shall be necessary to pay the debts of the estate, is held by the supreme court of Illinois, to be unconstitutional. In the case before the court, the law passed March, 1819—the sale was made in 1823. In

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. John McLean, Circuit Justice.]