BUSHNELL v. McCAULEY.

In an action against an agent for not accounting, etc., a request to account and pay over must be alleged in the complaint, and proved at the trial.

APPEAL from the District Court of the Sixth Judicial District.

The complaint in this case sets out that in the year 1855, the plaintiff delivered to defendant the sum of nine hundred and forty dollars, to be used by him in the purchase of gold-dust for plaintiff, for a certain commission of five dollars on each one thousand dollars' worth of gold-dust bought.

"That the said defendant, although often requested, has hitherto failed and neglected to account for and pay over the aforesaid sum of nine hundred and forty dollars, either in money or its equivalent in gold-dust, or any part thereof, except the sum of two hundred dollars, leaving a balance of seven hundred and forty dollars due and unpaid.

"That the time has long since elapsed when the said defendant should have accounted for and paid over the said sum of seven hundred and forty dollars, or its equivalent in gold-dust."

The answer admitted the receipt of the money, and the terms of the agreement, but averred that defendant acted in the premises as the agent of plaintiff. That he had converted a portion of the money into gold-dust, which, with the remainder of the money, had been stolen.

That he had used reasonable care, diligence, and skill in the custody and preservation of the same. The answer specifically denied a demand. At the trial, after plaintiff had rested his case the defendant moved for a nonsuit on the ground that no

demand was alleged or proved. The Court denied the motion, and afterwards instructed the jury "that no demand was necessary in this action."

Judgment for plaintiff, and defendant appealed.

*Crocker & Robinson* for Appellant.

The complaint does not set forth facts sufficient to constitute a cause of action, in this, to wit: A deposit of money, for a specific purpose, is alleged, and there is no allegation of a demand, or account of the money. Story on Agency; Story on Bailments, §§ 107 and 120; 2 Greenleaf, 308; 9 J. R., 361; Reina *v.* Cross, January Term, 1856, Cal. R.; 1 Chitty Plead., 331, and authorities cited.

The Court erred in overruling the motion for nonsuit.

1. Because there was no evidence showing the money to have been delivered to defendant.

2. There was no demand for a return or account proved, and the Court ruled it was unnecessary to prove such demand, therefore the Court cannot infer a demand from the testimony.

*Smith & Hardy* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The plaintiff employed the defendant, as an agent, to buy gold-dust, allowing him a certain per cent. on each one thousand dollars purchased.

The declaration alleges a deposit of nine hundred and forty dollars for this purpose, and a refusal by the defendant, on demand, to account for, or pay over said money, or its equivalent in gold-dust.

The answer specifically denies a demand.

The defendant moved for a nonsuit, on the ground that no demand had been proved. The Court below overruled the motion, at the same time instructing the jury that a demand need not be shown. This was error. "In an action against an agent, for not accounting, etc., a request to account and pay over the balance must be stated." 1 Chitty's Pleading, § 331, and the cases there cited.

If necessary to be stated, it must be proven, as the *allegata* and *probata* must correspond.

Judgment reversed, and cause remanded.