MILLER'S ADM'R *v.* NORFOLK & W. R. Co.

VAN GUNDEN *v.* VIRGINIA COAL & IRON Co.

*(Circuit Court, W. D. Virginia.* May 18, 1891.)

**1. CONSTITUTIONAL LAW—SECURITY FOR COSTS—VIRGINIA STATUTE.**
Rev. St. U. S. § 914, provides that the practice, pleadings, forms, and modes of procedure in civil causes, other than equity and admiralty causes, in the United States courts, shall conform as near as may be to the practice, pleadings, forms, and modes of procedure existing at the time in like causes in the courts of record of the state within which the United States courts are held, notwithstanding any rule of court to the contrary. Code Va. § 3539, provides that in any suit, except those wherein plaintiff sues *in forma pauperis*, there may be a suggestion on the record in court, or on the rule docket if the case be at rules, by a defendant or any officer of the court, that plaintiff is not a resident of the state, and that security for costs is required of him. *Held,* that these statutes do not impose a restriction on the constitutional right of non-residents to sue in the United States courts, and that such security may be required in such courts from a non-resident plaintiff.

**2. SAME—TIME OF APPLICATION FOR SECURITY.**
Code Va. § 3539, designating no particular time when the motion for security for costs shall be made, the rule may be entered at any time when no prejudice to plaintiff is caused by defendant's delay in moving therefor.

**3. SAME—SUIT BY ADMINISTRATOR.**
The fact that in such case the plaintiff is an administrator who has given bond as such in a state court will not relieve him from giving the required security, since he is liable on his official bond only to the extent of the assets received.

At Law. On motion for rule for security for costs.
*Geo. W. Ward* and *Danl. Trigg,* for Miller's Adm'r.
*Fulkerson, Page & Hurt,* for Norfolk & W. R. Co.
*Blair & Powell,* for Van Gunden.
*Ayres & Pridemore,* for Virginia Coal & Iron Co.

PAUL, J. In each of these cases a motion is made by the defendant for a rule for security for costs on the part of the plaintiff, the plaintiff being a non-resident of the state of Virginia. The motion is made under the provisions of section 3539, Code Va. 1887. This statute provides:

"In any suit, except where such poor person is plaintiff, [referring to section 3538, where provision is made for suing *in forma pauperis,*] there may be a suggestion on the record in court, or (if the case be at rules) on the rule docket, by a defendant or any official of the court, that the plaintiff is not a resident of the state, and that security is required of him."

Section 914 of the Revised Statutes of the United States provides:

"The practice, pleadings, and forms and modes of procedure in civil causes, other than equity and admiralty causes in the circuit and district courts, shall conform as near as may be to the practice, pleading, and forms and mode of procedure existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

This provision of the United States Statutes incorporates the Virginia statute as to non-resident plaintiffs into the practice and proceedings of the United States courts in common-law cases. The purpose and

scope of this provision are very clearly defined in *Nudd* v. *Burrows*, 91 U. S. 441, and in *Railroad Co.* v. *Horst*, 93 U. S. 291.

Counsel for plaintiff contend, first, that a non-resident party plaintiff cannot be required to give security for costs in the circuit courts of the United States; that non-residents have the constitutional right, within the jurisdictional amount fixed by congress, to sue in the United States courts; and that a state statute, or rule of practice requiring security for costs from a non-resident plaintiff, is a restriction of his constitutional rights, and is null and void. To require security for costs from a non-resident plaintiff is in no sense the restriction of a right, but for the court to sustain the proposition contended for would, in many cases, be a palpable denial to the officers of the court of the right and power to enforce payment of their fees for services rendered the plaintiff in the prosecution and determination of his cause. The court is at a loss to see what right of the plaintiff is restricted. The rule requiring security for costs is a rule requiring him to comply with his obligations to others who have and who are to aid him in the enforcement of his rights under the jurisdiction of this court, as guarantied him by the constitution and laws of the United States. To hold otherwise would be to say that a solvent plaintiff, not a resident of this state, and living beyond the court's process of execution, no matter what his wealth may be, is entitled to have free the services of the officers of the court, unless he chooses to pay for such services, or the officers take the risk of recovering their fees from the defendant in the event of the plaintiff's success. It seems to the court that these officers whose services are indispensable to the plaintiff have the right to say: "As you live beyond the reach of our fee-bills, with their power of distraint for payment, and beyond the limits to which an execution can run, in order that your goods and chattels may be taken in satisfaction for our services, we require you to give security that we shall be paid for the services we may render you in carrying on your suit." And that the defendant has a right to say: "As the plaintiff has invoked the jurisdiction of the court, and subjected me to the costs of officers' and witnesses' fees, and as he lives beyond the jurisdiction of the court, and I cannot reach his property with an execution, in the event of my recovery, it is but just that, for the expenses I have been thus compelled to incur, I should be secured, and, to the extent of the costs of the suit, be placed on a footing of equality with the plaintiff." While the constitution and laws of congress declare who may have their rights litigated in the courts of the United States, they do not contemplate that this litigation shall be had free of costs to the plaintiff, or at the risk and expense of others, whose services he has a right to command, or of those whom he has it in his power to make litigants in the courts.

To require security for costs from non-residents has been the practice of the United States courts from the foundation of the federal judiciary. In *Duane* v. *Rind*, 1 Cranch, C. C. 281, the plaintiff resided in Philadelphia, and the defendant in the District of Columbia. The plaintiff was required to give security for costs under the Maryland statutes, these be-

ing part of the laws of the District of Columbia. In *Nicholls* v. *Johns,* 2 Cranch, C. C. 66, the plaintiff having removed his family into the District of Columbia, the rule for security for costs was stricken out by leave of the court. In the same report, in *Roberts* v. *Reintzell,* (page 235,) it was held that, if the plaintiff reside outside of the District of Columbia, and the person for whose use the suit is entered remove from the District, the court will order the plaintiff to give security for the costs. In *Refrigerator Co.* v. *Southard,* 12 Blatchf. 405, a corporation created by the state of New York, and having its principal office in the southern district of New York, brought a suit in the northern district of New York. On a motion by the defendant that the corporation give security for the costs of the suit, it was held that it must give such security. This, too, notwithstanding the provision of section 985, Rev. St. U. S., allowing executions to run in all of the districts in a state. The provisions of the statute of the state of New York, relative to security for costs, are similar to those of the Virginia statute. It seems to be the general practice in the United States courts to require security for costs from non-resident plaintiffs, and the right of the defendant to require security is too well established to be successfully questioned.

The second objection urged by counsel for the plaintiff to the rule is that the motion comes too late in the proceedings of the suit; that it cannot be made after appearance, and demurrer or plea filed by the defendant. The statute of Virginia designates no particular time or stage of the proceedings when the rule must be made. It says the fact of non-residence may be suggested on the record in court, or on the rule docket, if the case be at rules. The state courts have no definite and clearly defined rule of practice as to when the motion must be made. In the absence of any positive requirement on the subject, the court thinks it safe to follow the view expressed in *Stewart* v. *Sun,* and *Same* v. *Tribune,* 36 Fed. Rep. 307:

"The federal courts may require security for costs from solvent non-resident plaintiffs at any time, when no prejudice to plaintiffs' rights is shown to have resulted from defendant's delay in moving."

In the first of the two cases under consideration, two continuances have been had on the motion of the plaintiff, and he will have ample time to give security before the case is called for trial. This is the second calling of the second case. At the last term of the court it was continued on the motion of the defendant, and an order of survey entered. At the present term, the order of survey not being completed, it was again continued, on the motion of the defendant, until the next term, and a motion made by defendant for a rule for security for costs. The court does not see that any prejudice can result to the plaintiff's rights by entering the rule at this stage of the case, and it will be so entered.

On the whole view of the questions presented, the court does not see how an enforcement of the requirement for security for costs can work an injury to any solvent non-resident plaintiff, or that it deprives him of any right, or restricts him in the exercise thereof, conferred upon him by the constitution of the United States and the laws of congress. If,

on account of his poverty, he is unable to pay or secure the costs of a suit, section 3538, Code Va. 1887, provides that he may sue *in forma pauperis.* There are no words of restriction in this statute that preclude a non-resident poor person from its privileges. *Heckman* v. *Mackey,* 32 Fed. Rep. 574.

In the first case we have in hand (*Miller's Adm'r* v. *Norfolk & Western R. Co.*) counsel for plaintiff insist that security for costs cannot be required of the plaintiff, because, as such administrator, he has given bond before a state court, and that he and his sureties on his official bond are liable for the costs, should there be a judgment in favor of the defendant. This position cannot be sustained. The administrator and his sureties are only liable to the extent of assets received, or that should have been received by the administrator in the proper discharge of his duties. The court is of opinion that, if the non-resident administrator plaintiff have assets in his hands, or the estate is solvent, and sufficient to pay the costs, or if the beneficiaries in the suit are persons of sufficient means to pay the costs, they should be required to secure the same. If, however, there is no estate out of which the administrator can pay the costs, and the suit is one that it is his duty to prosecute, and the beneficiaries are poor persons, such as are contemplated by section 3538, Code Va. 1887, he should be allowed to sue *in forma pauperis,* on proper petition being filed.