# FEDERICO DIDRICKSEN AND WIFE, LUCIA DIDRICKSEN

## *v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

Ponce, No. 242.

### ON MOTION TO REQUIRE PAYMENT OF COSTS.

New Trial—Costs of First.

1. It is common practice to refuse a new trial until the costs of the first trial are paid.

New Trial—Reversal.

2. It is not proper for the district court, upon a reversal by the Supreme Court, to refuse trial ordered by the mandate until the costs of the original trial are paid. Where the mandate directs execution to issue for costs, the lower court cannot substitute any other remedy.

Didricksen v. American R. Co.

Foreigner—Future Costs.

> 3. A foreign resident is not within the rule requiring nonresidents or foreign corporations to make deposit or give security for costs; but any plaintiff can be required, under the local Federal court rule, to make a deposit from time to time to cover costs which he creates.

Opinion filed January 14, 1914.

Mr. J. A. Poventud for plaintiffs.

Mr. F. H. Dexter for defendant.

HAMILTON, Judge, delivered the following opinion:

This case is brought by a foreigner, a Dane, and, after a verdict for $6,000 was appealed by the defendant to the Supreme Court. There it was reversed, and the mandate sent down declaring that it was adjudged by that court that the judgment of the district court be "reversed with costs; and that the said defendant, the American Railroad Company of Porto Rico, recover against said plaintiffs $213 for its costs herein expended, and have execution therefor. It is further ordered that this cause be, and the same is hereby, remanded to the said district court with directions to award a new trial." The mandate concludes with the words, "that such execution and further proceedings be had in said cause, in conformity with the opinion and judgment of this court." The costs are specified in the margin to be $213. The mandate was filed in the clerk's office April 4, 1913.

A motion is now made by the defendant, dated January 8, 1914, eleven days before the time set for trial, averring that

Didricksen v. American R. Co.

the costs have not been paid, that the plaintiffs, according to defendant's information, have no property in this jurisdiction subject to execution, and therefore praying that the plaintiffs be required to pay the approved costs before proceeding to a new trial, and that they be required to furnish security for future costs.

The matter resolves itself into two elements. In the first place, the question whether this court can order the plaintiffs to pay the costs already adjudged by the Supreme Court before permitting a new trial, and that of requiring security for future costs.

1. It is unquestionably true that, beginning with actions in ejectment, where more than one trial is permitted by law the courts have not permitted a second trial without prepayment of costs of the first. The propriety of this action is evident when one recalls the facility with which plaintiffs may take nonsuits and begin the same cause over again. Buckles v. Chicago, M. & St. P. R. Co. 47 Fed. 426. This practice obtains not only where the same court permits a new trial, but where the plaintiff brings a new suit on a new cause of action in a new jurisdiction. Kimble v. Western U. Teleg. Co. 70 Fed. 888, where the rule was enforced, even though the plaintiff had brought his first suit *in forma pauperis*.

2. No case is cited, however, where a district court has, as is sought herein, directed that the costs imposed by the Supreme Court be paid before the new trial directed by the Supreme Court is allowed. The general rule is that the lower court must follow the directions contained in the mandate of the appellate court, and cannot add to them. 3 Cyc. 481–483; Chapman v. Yellow Poplar Lumber Co. 32 C. C. A. 402, 61

Didricksen v. American R. Co.

U. S. App. 499, 89 Fed. 903. In the case at bar the Supreme Court has not overlooked the matter of costs, and the subject is exclusively within the jurisdiction of that court. The Supreme Court could have refused costs, divided them, or made any other provision it saw proper, and all it has seen proper to do is to direct that execution issue for their collection. It is doubtful whether this court can add anything to this direction, and certainly it cannot do so until the method pointed out by the Supreme Court has been observed. The defendant was allowed execution, and cannot neglect that remedy for nine months, and come in, a few days before the trial, and seek some other method of collecting his costs.

3. The matter of future costs stands upon a separate footing. It is true that the plaintiff, being a foreigner, is not within the statute permitting citizens of the United States to sue in that form. 27 Stat. at L. 252, chap. 209, U. S. Comp. Stat. 1901, p. 706; Act of July 20, 1892. It has been held that requiring a foreigner or nonresident plaintiff to pay the costs of the officials who are helping him with his suit is not a discrimination of any kind. Miller v. Norfolk & W. R. Co. 47 Fed. 264. Rule 10 of this court, therefore, is proper. This, however, is not in the form given in the defendant's motion. Nonresidents and foreign corporations can be required to make a deposit or give security, but the plaintiff is not in such a class. Any plaintiff can be required under this rule to make a deposit from time to time, as the case progresses, to cover the costs which he causes. It is not shown that this has not been done by the plaintiff in this case, and the clerk is authorized to require such a deposit from time to time. There would

seem to be no need for any special order of court to meet this point.

As the case stands, therefore, the motion must be denied, and it is so ordered.