### SILVAS v. ARIZONA COPPER CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915.)

No. 2465.

1. COURTS ⊕=357—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—SECURITY FOR COSTS.

Whether plaintiff in an action in a federal court shall be required to give security for costs, in the absence of a federal statute or rule of court on the subject, is to be determined by the statutes of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. ⊕=357.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrine, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. COSTS ⊕=109 — SECURITY FOR PAYMENT — CONSTRUCTION OF STATUTE — "GUARDIAN."

Civ. Code Ariz. 1913, par. 643, provides that, where it is shown by affidavit that a plaintiff is not the owner of property out of which costs could be made by execution, he shall be required to give security for costs; but section 646 creates an exception in favor of "guardians appointed under the laws of the state." Held, that a guardian ad litem is a "guardian," within the meaning and purpose of such statute.

[Ed. Note.—For·other cases, see Costs, Cent. Dig. §§ 439–461; Dec. Dig. ⊕=109.

For other definitions, see Words and Phrases, First and Second Series, Guardian.]

In Error to the District Court of the United States for the District of Arizona; Wm. H. Sawtelle, Judge.

Action at law by Richard Silvas, an infant, by Ransom Silvas, his guardian ad litem, against the Arizona Copper Company, Limited.

From a decree dismissing the complaint, plaintiff brings error. Reversed.

For opinion below, see 213 Fed. 504.

L. Kearney, of Clifton, Ariz., and William M. Seabury, of Phœnix, Ariz., for plaintiff in error.

W. C. McFarland, of Clifton, Ariz., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This action was brought on behalf of an infant plaintiff, a resident of Arizona, by his guardian ad litem, to recover damages for personal injuries alleged to have resulted from the negligence of the defendant, a foreign corporation doing business in Arizona. On the ground that neither the infant nor his guardian ad litem owned property in the district out of which costs could be made on execution, the court below ordered that the plaintiff give security for costs, and because the plaintiff failed to furnish such security a judgment was entered dismissing the complaint. From that judgment the appeal is taken.

[1] The question which was before the court below was not affected by Act Cong. July 20, 1892, c. 209, 27 Stat. 252 (Comp. St. 1913, §§ 1626–1630), providing for proceedings in forma pauperis. The case involved no attempt to proceed in forma pauperis. The question presented was whether the plaintiff should be required to give security for costs, and, there being no federal statute on that subject, the question was determinable either by a rule of the court or by the state statute on the same subject made applicable by section 914 of the Revised Statutes. Hugunin v. Thatcher (C. C.) 18 Fed. 105; Miller, Adm'r, v. Norfolk & W. R. Co. (C. C.) 47 Fed. 264; O'Brien v. Hearn (C. C.) 125 Fed. 95; Schofield v. Palmer (C. C.) 134 Fed. 753; Winkley Co, v. Bowen Mfg. Co. (C. C.) 180 Fed. 624.

[2] It does not appear that there was any rule of court upon the subject, but section 643 of the Revised Statutes of Arizona provides that if it appear by affidavit that the plaintiff is a nonresident of the state, or is not the owner of property out of which costs could be made by execution sale, the court shall order the plaintiff to give security for costs. Section 646, however, creates an exception to the rule in favor of certain state officers, and executors, administrators, or guardians appointed under the laws of the state. The only question on which doubt arises is whether a guardian ad litem is a "guardian," as that term is used in the statute. Inasmuch as the purpose of the exception is to extend indulgence to infants or others under guardianship, it would seem that to effect its object a guardian ad litem should be included within its protection, and we so hold. If the case had been brought in a court of the state, the guardian ad litem would properly be held to be a guardian "appointed under the laws" of the state.

The judgment is reversed, and the cause is remanded for further proceedings.