## SERMONS v. KANSAS CITY SOUTHERN RY. CO.

(District Court, W. D. Louisiana, Shreveport Division. March 10, 1926.)

No. 1579.

1. **Courts ☞357—Whether defendant can compel plaintiff to give security for costs is governed by state law, in absence of federal statute or rule of court.**

In absence of federal statute or rule of court on subject, whether plaintiff can be compelled to give security for costs is governed by state law.

2. **Costs ☞105—Defendant cannot compel plaintiff to give security for its costs (Act La. No. 136 of 1898; Act La. No. 203 of 1898; Act Feb. 11, 1925 [Comp. St. Supp. 1925, §§ 1383a–1383h]).**

Under Act La. No. 136 of 1898, permitting defendants to require security for costs in parish of Orleans, but not as to rest of state, and Act No. 203 of 1898, defendant cannot compel plaintiff to give security for its costs; Act Feb. 11, 1925 (Comp. St. Supp. 1925, §§ 1383a–1383h), providing only for payment of costs by each side as they accrue.

At Law. Action by Benjamin Hardy Sermons against the Kansas City Southern Railway Company. On defendant's motion to compel plaintiff to give security for costs. Motion denied.

Huey P. Long and Geo. T. McSween, Jr., all of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge. Defendant seeks to compel the plaintiff to give security for its costs. The latter contends that

the defendant is without right to exact such security.

[1] In the absence of a federal statute or a rule of court upon the subject, the matter is governed by the state law. Silvas v. Arizona Copper Co., 220 F. 116, 136 C. C. A. 208; Foster's Federal Practice (6th Ed.) vol. 2, p. 2080. No applicable federal statute has been cited, and there is no rule of this court permitting a defendant to require security for costs. In so far as the clerk is concerned, the Act of February 11, 1925 (43 Statutes at Large, 857 [Comp. St. Supp..1925, §§ 1383a–1383h]), provides for the payment of costs by each side as they accrue.

[2] Turning to the state law, although in the parish of Orleans defendants are permitted to require such security (Act 136 of 1898) in so far as the rest of the state is concerned, the right is given alone to court officers. See Act 203 of 1898.

It appearing, therefore, that there is no rule of court or statute, either state or federal, authorizing the allowance of the motion in this case, the same should be denied.