## In re EASTERN BANKERS CORPORATION.

### No. 1982a.

District Court, D. New Jersey.
June 18, 1942.

490

Emanuel P. Scheck, of Newark, N. J. (of Osborne, Cornish & Scheck, of Newark, N. J.), for trustee.

Robert R. Daly, of Newark, N. J. (of Brady & Daly, of Newark, N. J.), for creditor.

SMITH, District Judge.

The Gunder Common Law Trust, hereinafter referred to as the creditor, asserted against the debtor a claim in the amount of $4,199.15, and, pursuant to the order of the court, filed proof thereof with the Trustee, who controverted the claim and objected to its allowance. The court, pursuant to the provisions of the Bankruptcy Act, § 117, 11 U.S.C.A. § 517, referred the matter to a special master, directing that he hear the same and report thereon. The Trustee, apparently apprehensive of his inability to recover the costs, should they be assessed against the creditor, demands the deposit of adequate security; the creditor, a non-resident, resists the demand.

The right of the court to tax costs and render judgment therefor against the unsuccessful party is established by statute,[1] and is, therefore, not open to question. It has been held that costs may be taxed against a creditor who is unsuccessful in the prosecution of his claim[2] and that the master's fees are a proper item thereof.[3] In the case of In re All Star Feature Corporation, Judge Learned Hand, in discussing the question, stated: "* * * when a trustee contests the claim of an outsider, the controversy is inter partes, and costs follow as in any other case. Why the creditors of a bankrupt should have any warrant for litigation free from the usual risks, I confess I have never been able to see. If the bankrupt had resisted the claim unsuccessfully, no one would think of asking exemption for him; but, when it is the creditors, it seems to be very hard, at least in this district, to dislodge the notion that they are in some sense

wards of the court and entitled to special consideration."

Thus, it would seem to follow that if the court may tax costs and render judgment therefor, it may, in the exercise of sound discretion, require the deposit of adequate security to insure their payment. This would seem to be particularly true where, as here, the creditor is a non-resident and the assessment of costs might otherwise be futile.[4]

The creditor shall deposit with the clerk of the court, as security for costs, the sum of One Hundred Dollars ($100), or in lieu thereof a proper bond.

---

[1] Bankruptcy Act, § 2, sub. a(18), 11 U.S.C.A. § 11, sub. a(18).

[2] In re Walker Grain Co., D.C., 19 F. 2d 795; In re All Star Feature Corporation, D.C., 232 F. 1004, 1009.

[3] In re Borok, 2 Cir., 50 F.2d 75; In re Rome, D.C., 162 F. 971; In re Todd,

D.C., 109 F. 265; Ex parte Peterson, 253 U.S. 300, 315, 40 S.Ct. 543, 64 L. Ed. 919.

[4] Cf. Robertson v. Langdon, 7 Cir., 72 F.2d 148; Long et al. v. Stites et al., 6 Cir., 63 F.2d 855.