**SLUSHER et al. v. JONES et al.**

No. 172.

District Court, E. D. Kentucky.

July 27, 1943.

Cleon K. Calvert and D. M. Bingham, both of Pineville, Ky., for plaintiffs.

C. R. Luker, of London, Ky., and Victor A. Jordan, of Barbourville, Ky., for defendants.

FORD, District Judge.

The plaintiffs are nonresidents. The defendants have moved that they be required to give bond for costs. There being no federal statute or rule of Court on the subject, under the Federal Conformity Act, 28 U.S.C.A. § 724 the practice and procedure in common law cases in this respect is governed by the State Statute. Miller's Adm'r v. Norfolk & W. R. Co., C.C., 47 F. 264; Schofield v. Palmer, C.C., 134 F. 753; Handy Varnish Co. v. Midland Linseed Oil Co., C.C., 191 F. 256; Silvas v. Arizona Copper Co., 9 Cir., 220 F. 116; Sermons v. Kansas City Southern R. Co., D.C., 11 F.2d 671, 672.

This is an equity case, however, and the discretionary power of the Court to require nonresident suiters to give security for costs is not dependent upon any statute or rule of Court. "Such an order is within the inherent power of a court of equity." Long v. Stites, 6 Cir., 63 F.2d 855, 858. Also see Leake v. New York Cent. R. Co., D.C., 26 F.Supp. 416; Peltz et al. v. Carolina Bagging Co., D.C., 1 F.R.D. 779; In re Eastern Bankers Corporation, D.C., 2 F.R.D. 489.

In view of the nature and extent of the litigation foreshadowed by the allegations of the complaint, plaintiffs should be required, within thirty days, to execute bond in the penal sum of $250 for the payment of such costs as may be adjudged against them in this action or, in lieu of such bond, they may deposit that amount in the Registry of the Court. An order will be entered accordingly.

The defendants have also filed a motion, under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, seeking a more definite statement in respect to the nature of plaintiffs' claims against them.

The complaint seems to fulfill the requirements of Rule 8 in that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" and each averment is "simple, concise, and direct". The allegations of the complaint do not appear to be so vague or ambiguous as to preclude a fair understand-

ing of the general nature of plaintiffs' claims or the relief which they seek. Unquestionably, however, in order to enable defendants to properly prepare their responsive pleading and to prepare for trial, they are entitled to the particular, detailed information which they seek. The only question is whether, under the applicable rules, this information should be secured by an amendment of the pleadings, as sought by this motion or the defendants should resort to one of the more simple and expeditious methods provided by Rules 26 to 37 of the Federal Rules of Civil Procedure.

In Moore's Federal Practice, 1942 Cumulative Supplement, page 641, it is said: "To complicate pleadings unnecessarily by bills of particulars which merely constitute proof and evidence of essential facts defeats the salutary proposition of Rule 8 which requires the complaint to be short and the allegations to be simple, concise and direct. The framers of the Rules did not intend that compliance with Rule 8 should expose a plaintiff to a motion under 12(e). For purposes of obtaining detailed information as to the cause of action or defense and of limiting the issues to be tried, simple and expeditious methods have been provided."

This interpretation of the rules seems to be supported by the great weight of authority. Only by thus narrowly limiting the application of Rule 12(e) may frustration of the salutary purpose of Rule 8, in respect to simplification of pleadings, be avoided. Under Rule 33, for instance, whatever detailed or particular information the defendants may desire in respect to the nature and extent of plaintiffs' claims and the basis upon which they rest may be readily secured by serving written interrogatories. Service may be made by simply mailing a copy of the interrogatories to plaintiffs' attorney. Rule 5(b).

Except where the pleadings are so vague or ambiguous as to preclude a fair understanding of the nature of the claims asserted or the relief sought, parties should resort to the methods provided by Rules 26 to 37 for securing detailed or particular information in regard to claims asserted against them, rather than the more cumbersome procedure under Rule 12(e). Otherwise, the end sought to be accomplished by the new Federal Rules of Civil Procedure may be largely defeated.

For the reasons indicated, the defendants' motion to make the complaint more definite should be denied.

An order will be entered accordingly.