### KELLER RESEARCH CORP. v. ROQUERRE et al.

#### No. 11391.

United States District Court,
S. D. California, Central Division.

Sept. 11, 1951.

Moore, Howorth & Trinkaus, Los Angeles, Cal., for plaintiff.

C. G. Stratton, Los Angeles, Cal., Victor J. Obegi, Van Nuys, Cal., for defendants.

HALL, District Judge.

Plaintiff seeks by its complaint to secure an injunction and recover damages on various causes of action which need not be outlined here. The defendant has filed an answer and also a cross-claim which is in three causes of action. The first two causes of action in the cross-claim are based upon statements in a letter sent or circulated by the plaintiff. The plaintiff has moved to compel the defendant to post a bond in accordance with the terms of the Statutes of California of 1871–72, page 533, as amended by the Statutes of 1880, page 81 and which is now generally referred to as Act 4317 of Deerings General Laws of California.[1] The text of the Act is set forth in full in the footnote.

[1] "Act 4317, Concerning Actions for Libel and Slander. (Stats.1871–72 p. 533; Amended by Stats.1880, p. 81.)

"§ 1. Undertaking. In an action for libel or slander the clerk shall, before issuing the summons therein, require a written undertaking on the part of the plaintiff in the sum of five hundred (500) dollars, with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action be dismissed or the defendant recover judgment, that they will pay such costs and charges as may be awarded against the plaintiff by judgment or in the progress of the action, or on an appeal, not exceeding the sum specified in the undertaking. An action brought without filing the undertaking required shall be dismissed.

"§ 2. Sureties. Each of the sureties on the undertaking mentioned in the first section shall annex to the same an affidavit that he is a resident and householder or freeholder within the county, and is worth double the amount specified in the undertaking, over and above all his just debts and liabilities, exclusive of property exempt from execution.

"§ 3. Exception to sureties. Within ten days after the service of the summons, the defendants, or either of them, may give to the plaintiff, or his attorney, notice that they or he except to the sureties and require their justification before a judge of the court at a specified time and place, the time to be not less than five or more than ten days thereafter, except by consent of parties. The qualifications of the sureties shall be as required in their affidavits. (Amended by Stats.1880, p. 81.)

"§ 4. Justification. For the purpose of justification each of the sureties shall attend before the judge at the time and place mentioned in the notice, and may be examined on oath touching his sufficiency in such manner as the judge in his discretion shall think proper. The examination shall be reduced to writing if either party desires it.

"§ 5. Approval: New undertaking. If the judge find the undertaking sufficient, he shall annex the examination of the undertaking and indorse his approval thereon. If the sureties fail to appear, or the judge finds the sureties or either of them insufficient, he shall order a new undertaking to be given. The judge may also at any time order a new or additional undertaking upon proof that the sureties have become insufficient. In case a new or additional undertaking is ordered, all proceedings in the case shall be stayed until such undertaking is executed and filed, with the approval of the judge.

The motion is couched in the alternative as permitted by the terms of that Statute, that if the bond provided for therein is not deposited within five days the action shall be dismissed.

Jurisdiction in this case is founded on claimed diversity. Hence, the State Rule of Decision applies, 28 U.S.C.A. § 1652.[2]

While the defendant contends that his cross-claim as attempted to be stated in the first and second causes of action are based upon acts of alleged unfair competition of the plaintiff, a careful reading of the complaint compels the conclusion that they are each an actual attempt to state a cause of action for libel.

■ The defendant contends that even though such is the case, the California Act is not applicable as the Federal Rules of Civil Procedure, 28 U.S.C.A., contain no such provision for bond, and must prevail over any special Act of the State of California. That contention is disposed of by the Supreme Court in Cohen Executrix v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, where the court upheld a special Statute of the State of New Jersey in a stockholders' action containing somewhat similar provisions with relation to such a suit. The court pointed out, 337 U.S. at pages 555–556, 69 S. Ct. at page 1230, that the New Jersey Statute "creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as 'costs.' If all the Act did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device."

Similarly the California Act creates a liability for "costs and charges", as may be awarded against the plaintiff.

The plaintiff's motion to compel the defendant to file the bond in the Statutory sum of Five Hundred Dollars is therefore granted, and it is so ordered.

■ If the undertaking as required is not filed within five days after the filing and entry of this Order, the action will be dismissed, as it is held in Shell Oil Company, a Corporation, v. Superior Court of Sonoma County, 1934, 2 Cal.App.2d 348, at page 355, 37 P.2d 1078, at page 1081, "that, where no bond has been filed, or where an insufficient bond has been filed, after timely motion * * *, the court is without authority to refuse the application or to proceed with the trial in its absence. Under such circumstances prohibition is the proper remedy to prevent the exercise of an excess of jurisdiction."

Attention is called to the particular provisions of Act 4317, requiring individual sureties, specifying their occupation and residence and showing that they are a resident and householder or freeholder within the county of the residence of the defend-

"§ 6. Failure to file bond. If the undertaking as required be not filed in five days after the order therefor, the judge or court shall order the action to be dismissed.

"§ 7. Costs. In case plaintiff recovers judgment, he shall be allowed as costs one hundred (100) dollars, to cover counsel fees, in addition to the other costs. In case the action is dismissed, or the defendant recover judgment, he shall be allowed one hundred (100) dollars, to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly."

2. Title 28 U.S.C.A. § 1652. State laws as rules of decision.
   "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. June 25, 1948, c. 646, 62 Stat. 944."

ant, and the other special provisions of that Act.

■ Section 1056 of the California Code of Civil Procedure is not applicable in this instance. That Section permits a single corporate surety, and while very broad in its terms [3] should be read in the light of its legislative history and certain principles of statutory interpretation. Section 1056 was first adopted in 1889, Cal. Stat. 1889, p. 215. It was amended in particulars not important here by the California Statutes of 1933, p. 1313. An examination of both of said Acts of the Legislature of the State of California discloses that there is no repealing clause in either of these Statutes, either generally or specifically. Applying the doctrine that a general law does not repeal a Statute relating to a special subject matter unless there is a special provision repealing that Statute, McNeil v. Kingsbury, 190 Cal. 406, 213 P. 50, the conclusion is forced that the provisions of Section 1056 do not apply to Act 4317. An examination of the various cases which have gone to the Appellate Courts in California does not indicate that this question has ever been passed on. Moreover, in all of those which have been called to my attention, touching on the subject or which I have found on independent research, it seemed to be taken for granted that the provisions of Sec. 1056 of the California Code of Civil Procedure permitting a single corporate surety did not prevail over the terms of Act 4317, as in each of them personal bonds with personal sureties were filed.

■ Furthermore, reason for the adoption of the Statute cannot be overlooked. It was clearly to prevent the indiscriminate filing of libel suits because of rancor, malice, or to merely embarrass a defendant. While it creates a liability of at least $500 for costs and other charges, it must not be overlooked that it has other requirements which are peculiarly appropriate in libel actions; it requires two persons as sureties each of whom shall annex to the bond an affidavit that he is a resident and householder or freeholder within the county, and is worth double the amount specified in the undertaking, over and above all his just debts and liabilities exclusive of property exempt from execution. It must be remembered that when a person files a libel suit he is claiming that his *reputation* has been injured, and it is thus seen by requiring two of his neighbors who are property owners, that is householders or freeholders within the same county in which he lives, they become guarantors of his good *reputation* to the extent of the individual liability of $500. Furthermore, their occupations and residences must be specified in the bond. An examination of the many provisions in the California Statutes relating to the requirements of bond discloses no such particular or peculiar requirements for persons going on other bonds.[4] The bond will therefore be a personal and not corporate bond.

3. That Section in its material part reads "In all cases where an undertaking or bond, with any number of sureties is authorized or required by any provision of this code, or any law of this State, any corporation" of a prescribed capital which is qualified to do business in this State may be accepted as security on the bond.

4. Reference is made to Secs. 1251, California C.C.P. relating to bonds by railroads in eminent domain proceedings; 689, California C.C.P. relating to third party claims, 689b, California C.C.P. relating to execution on mortgaged property, 529, California C.C.P. relating to undertakings on injunction, 539, Cal.C.C. P. relating to undertaking on attachment, 555, Cal.C.C.P. relating to undertaking on release of attachment, 540, Cal.C.C.P. relating to undertaking to prevent an attachment, 482, relating to an undertaking on arrest and bail, 487, relating to bail to be given by a defendant, 497, relating to bail upon arrest of a defendant, 985, relating to an undertaking to stay execution, 566, relating to a bond of a Receiver, as well as 567, Section 1279 of the Penal Code, relating to bail on arrest in a criminal case. The foregoing are some of the Sections and are not intended to cover the entire category of all of the laws of the State of California in which bonds may be required, but they are illustrative of the fact that by the Act of 4317 something more than the mere guarantee of money is required by the provisions thereof.

The plaintiff also moves to dismiss the third cause of action in defendants' cross-claim which is a common law action for accounting. This motion must be and is granted for the reason that it does not appear that the defendant has made a demand for an accounting of the plaintiff, or that the plaintiff has refused to account, which are essential prerequisites to the bringing of such an action. Bushnell v. McCauley, 7 Cal. 421, and cases collected as 143 A.L.R. 1213.

Plaintiff's motion to strike is denied in all particulars.