**TROPHY PRODUCTIONS, Inc.,**
**Plaintiff,**
**v.**
**Milton SPERLING et al., Defendants.**
**No. 17921.**

United States District Court
S. D. California, Central Division.
May 12, 1955.

---

5. 28 U.S.C.A. § 637.

6. The facts show that the notary in question, with one exception, was secretary to the Commissioner.

Thomas D. Mercola and Sidney Dorfman, Beverly Hills, Cal., for plaintiff.

Herbert T. Silverberg, Los Angeles, Cal., for defendants United States Pictures, Inc., Milton Sperling and J. C. Yoss.

Eugene D. Williams, Los Angeles, Cal., for defendant Warner Bros. Pictures, Inc.

JERTBERG, District Judge.

The plaintiff seeks by its complaint to secure an injunction, recover damages and a declaration of rights against defendants in a controversy relating to the rights to a literary and dramatic writing of the life of General William Mitchell.

The plaintiff is a New York corporation. The defendants are citizens of the States of California and Delaware. Jurisdiction of this court is based solely on diversity of citizenship.

The defendants Milton Sperling, United States Pictures, Inc., a corporation, and J. C. Yoss and the defendant Warner Bros. Pictures, Inc., a corporation, filed similar motions "for an order requiring plaintiff to deposit sufficient security with the clerk of the court to cover defendants' costs herein, on the ground that plaintiff is a foreign corporation and a non-resident of the State of California."

Defendants rely on Rule 83, Federal Rules of Civil Procedure, 28 U.S.C.A.; Rule 29, Local Rules So. District of Calif.; Section 1030, Code of Civil Procedure of the State of California,[1] and the alleged inherent power of a federal court to require a non-resident to furnish security for costs in a diversity action.

Admittedly, the precise question involved in the motions is not covered by any rule of civil procedure for the United States District Courts or by any local rule, nor has it been passed upon by the Circuit Court of Appeals of the Ninth Circuit or the Supreme Court of the United States.

All of the authorities cited by the moving parties dealing with the alleged inherent power of the court were decided prior to the adoption of the Federal Rules of Civil Procedure except the case of Slusher v. Jones, D.C.E.D.Ky.1943, 3 F.R.D. 168. To the contrary is the case of Altman v. National Life Ass'n, D.C. W.D.Pa.1941, 37 F.Supp. 414.

Rule 83 Federal Rules of Civil Procedure, in substance, provides that each District Court may regulate its practice in any manner not inconsistent with

---

1. When the plaintiff in an action or special proceeding resides out of the State, or is a foreign corporation, security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. * * *"

such rules. Local Rule 29 provides: "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the FRCP, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, shall be applied or, in default thereof, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

The moving parties contend that Local Rule 29 makes applicable to this situation the provision of Section 1030 of the Code of Civil Procedure of the State of California, supra, and in support thereof rely on the case of Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. In that case the Supreme court upheld a statute of the State of New Jersey providing, in substance, that in any stockholders' derivative action in which the plaintiff's interest as a shareholder is less than 5% of the value of all outstanding shares and has a market value of less than $50,000, he may be required in any stage of the proceeding to give security for the reasonable expenses, including counsel fees which the corporation and other defendants may incur, or for which it may become liable.

At the outset it will be noted that the statute is applicable to citizens and non-citizens and residents and non-residents of the State of New Jersey. The court stated in 337 U.S. at pages 555, 556, 69 S.Ct. at page 1230, that the New Jersey statute "creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as 'costs.' If all the Act did was to create this liability, it would clearly be substantive. * * * We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device."

■ Section 1030, Code of Civil Procedure of the State of California is operative only when the plaintiff resides out of the State or is a foreign corporation. The security to be furnished is only for costs and charges. Costs in this action will be regulated by federal statutes and rules and not by the laws of the State of California. Such statute creates no new liability as respects the parties to this action. The provision of the statute requiring security is only procedural as it relates to this action. Matters of procedure are regulated by the Federal Rules of Civil Procedure and not by State statutes. Under the reasoning of the Supreme court in the Cohen case, Section 1030 of the Code of Civil Procedure of the State of California would not be applicable to the federal courts.

The moving parties also rely upon the case of Keller Research Corp. v. Roquerre, D.C., 99 F.Supp. 964, decided by the Honorable Peirson M. Hall of this district. In that case the court granted the plaintiff's motion to compel the defendant to file a bond in the statutory sum of $500, as required by Section 830 of the Code of Civil Procedure of the State of California (formerly Act 4317 of Deerings General Laws of California, Statutes 1871–1872, page 533, Amended by Statutes 1880, page 81). Such section provides that before issuing summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff in the sum of $500 with at least two competent and sufficient sureties, specifying their occupations and residences to the effect that if the action is dismissed or the defendant recovers judgment they will pay the charges and costs awarded against the plaintiff by judgment, in the progress of the action, or on an appeal not exceeding the sum specified. Any action brought

without filing the required undertaking must be dismissed. This statute like the New Jersey statute is made operative on citizens and non-citizens and residents and non-residents alike. Judge Hall in requiring the undertaking to be furnished as required by the California statute, stated in 99 F.Supp. at page 967, "Furthermore, reason for the adoption of the Statute cannot be overlooked. It was clearly to prevent the indiscriminate filing of libel suits because of rancor, malice, or to merely embarrass a defendant. While it creates a liability of at least $500 for costs and other charges, it must not be overlooked that it has other requirements which are peculiarly appropriate in libel actions; it requires two persons as sureties each of whom shall annex to the bond an affidavit that he is a resident and householder or freeholder within the county, and is worth double the amount specified in the undertaking, over and above all his just debts and liabilities exclusive of property exempt from execution. It must be remembered that when a person files a libel suit he is claiming that his *reputation* has been injured, and it is thus seen by requiring two of his neighbors who are property owners, that is householders or freeholders within the same county in which he lives, they become guarantors of his good *reputation* to the extent of the individual liability of $500. Furthermore, their occupations and residences must be specified in the bond. An examination of the many provisions in the California Statutes relating to the requirements of bond discloses no such particular or peculiar requirements for persons going on other bonds. The bond will therefore be a personal and not corporate bond."

Judge Hall placed his order requiring security on the Cohen decision of the Supreme Court [99 F.Supp. 966].

The decision of Judge Hall was cited with approval in Kennaley v. Superior Court, Cal.App., 268 P.2d 144, but the Supreme Court of California in the same case, 275 P.2d 1, 3, after decision by the District Court of Appeals, in referring to Keller Research v. Roquerre stated that "The federal court there assumed, without discussing the provisions of Section 830, that the section applies to a cross-complaint. Section 830 does not admit of that assumption."

The decision of the United States Court of Appeals for the Ninth Circuit in Jefferson v. Stockholders Pub. Co., Inc., 194 F.2d 281, is pertinent. In that case the District Court, acting pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismissed the action for failure of plaintiff to comply with Rule 4(a) of the Federal Rules of Civil Procedure.

The plaintiff filed an action for libel against the defendant. The clerk of the District Court did not issue a summons forthwith as required by Rule 4(a) because of his assumption that compliance with Rule 4(a) was precluded by Section 830 of the Code of Civil Procedure of the State of California. Several months later the plaintiff filed an undertaking for the payment of costs, and summons was thereupon issued.

The Circuit Court in reversing the action of the District Court in dismissing the action said: "There was, indeed, a failure to comply with Rule 4(a), namely, the clerk's failure to issue a summons forthwith upon the filing of the complaint. This being an action for libel and no undertaking for the payment of costs having been filed with the complaint, the clerk appears to have assumed that compliance with Rule 4(a) was precluded by § 1 of Act 4317 of Deering's General Laws of California. The assumption was incorrect. Section 1 relates to State court actions, not to Federal court actions. In the Federal courts, compliance with Rule 4(a) is required in all civil actions, including actions for libel." 194 F.2d 281, at page 282.

In the absence of federal statute or rule, or a controlling decision of a reviewing court of the United States re-

quiring the plaintiff to furnish security for costs, it is my view that I have no power to require it.

The motions of the defendants are therefore denied.